MRS. JOSEPHINE G. WILSON v. MRS. PEARL MERCER FISHER.

No. A-478. Decided May 30, 1945.
Rehearing overruled June 27, 1945.
(188 S. W., 2d Series, 150.)

54

*Geo. K. Holland,* of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that the contract was insufficient under the statute of frauds, for lack of description, information or data from which the land could be identified, and in holding that parol and extrinsic evidence was not admissible to identify the land, and that there was no evidence to identify it. Watson v. Baker, 9 S. W. 867; Frazier v. Lambers, 115 S. W. 1174; Beaton v. Fussell, 166 S. W. 458.

*George Clifton Edwards,* of Dallas, for respondent.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is the suit of the petitioner, Mrs. Josephine G. Wilson, against the respondent, Mrs. Pearle Mercer Fisher, for specific performance of an alleged agreement to transfer a brick duplex and garage apartment, including certain furniture, at the price of $6350, and in the alternative, for damages for the breach thereof. The suit is founded upon two written instruments constituting the contract whereby it is alleged Mrs. Fisher was to transfer to Mrs. Wilson Lot 13 in Block N/2047, Perry Heights Addition to the city of Dallas. The only defense which is material is that the agreement was within the statute of frauds. Article 3995, V.A.C.S.

Each party tendered into court the amount of money alleged to be due the other. Mrs. Wilson tendered the balance of the purchase price and Mrs. Fisher the return of the money theretofore received from Mrs. Wilson. The trial resulted in a judgment for specific performance. The Court of Civil Appeals at Dallas, by majority opinion, held the alleged agreement was not sufficiently specific to identify the property and was thus within the statute of frauds and nonenforceable either as a specific performance or for damages. That court rendered judgment that Mrs. Wilson take nothing by her suit except the money she had tendered and paid into court and that tendered by Mrs. Fisher. Justice Young dissented because he thought the instruments sued upon were specific enough to support Mrs. Wilson's plea for specific performance. 185 S. W. (2d) 186.

Two separate instruments compose the alleged contract, one being drafted by each party and each of them being signed by both parties.

The instrument drafted by Mrs. Fisher is as follows:
"July 21/43 Contract of Sale. Recd of Mrs. Josephine Wilson $300 in part payment on brick duplex & garage apt located at 4328-30 Cedar Springs on this 21st July 1943 at a price of Sixty Three Hundred & Fifty dollars including furniture at 4330 except one hexagon large table in living room, this also included rollaway bed in garage apt. Terms all cash, abstract to be furnished by seller. Room at back not included."

The one drafted by Mrs. Wilson is as follows:

"Dallas, Texas July 21, 1943 Received of Mrs. Josephine G. Wilson $300.00 in cash as earnest money on the purchase of

property at 4328-4330 Cedar Springs Road total consideration being $6,350.00, including entire furnishings of north side apartment (excepting one antique library table), furniture included one frigidaire and 3 Murphy beds—(1 without mattress). This is a cash consideration when all papers, abstract, etc. have been examined & accepted by Josephine G. Wilson. Full possession of property to be given by Aug. 15th, 1943."

The sole question presented is whether the agreement evidenced by these instruments is within the statute of frauds which denies any party the right to maintain a suit upon an oral contract for the sale of real estate. This controversy is obviously reduced to the determination of the sufficiency of the description of the property so as to identify it with reasonable certainty under the rules governing such transactions.

■ If the contract is insufficient it not only precludes recovery for specific performance but also for damages for the breach thereof. This is true because an "action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach." Alworth v. Ellison, 27 S. W. (2d) 639, writ refused.

It should be noted that the instruments do not specifically indicate that Mrs. Fisher is the owner of the property. The lot and block number and the amount of land is not given, nor is that property designated as any particular named tract or as situated in any city, county or state. Also, a room at the rear of the property is not included, yet there is no intimation as to the exact portion of land excluded.

■ In the absence of equities removing the case from the operation of the statute of frauds, which do not here exist, it is well settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties; and no part of the instrument is more essential than that which identifies the subject matter of the agreement. Jones v. Carver, 59 Texas 293.

In so far as the description of the property is concerned the writing must furnish within itself, or by reference to some

other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. Morrison v. Dailey (Tex. Sup.) 6 S. W. 426; Osborne v. Moore, 112 Texas 361, 247 S. W. 498.

■ The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarity the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. O'Herin v. Neal, 56 S. W. (2d) 1105, writ refused.

The authorities generally recognize these principles but there seems to be a great contrariety of opinion as to their application. We shall not undertake to harmonize or distinguish the maze of decisions applying the rules. We shall review only a few of the leading cases which possess some factual similarity with the present case, all of which we think may be harmonized with the above rules and with our decision herein.

The case most strongly urged by the petitioner is that of Morrison v. Dailey, supra, where the memorandum receipt read as follows: "Lancaster, June 28, 1887. Received from H. Morrison forty dollars on my place, known as the 'James Perry Tract of Land,' which tract I have sold to him for forty-five hundred dollars, part cash, and the balance to bear interest at ten per cent. per annum until paid. (Signed) Mrs. N. B. Bailey." Judge Gaines wrote the opinion for the court holding the memorandum sufficient under the statute. In doing so he expressed his inclination to hold otherwise, but said the court was not at liberty to depart from its prior decision in Fulton v. Robinson, 55 Texas 401, where a receipt was held sufficient which recited that the money received was "in part payment of a certain tract of land, being my own headright, lying on Rusk creek, in the cross timbers." The Morrison opinion states that the decision in Fulton v. Robinson was "against the weight of authority, and the better reason," and it seems the court followed it only reluctantly.

As we interpret these cases, however, they do little violence, if any, to the above announced rules. The reference to the grantor's "headright" in the Fulton case furnished the means by

which the identity of the land might be made certain. 29 C. J. 238. The receipt in the Morrison case designated the owner of the property and specified it as a particular named tract. No reference, however, was made to the amount of the land or the county or state of its location, nor was any key thereto furnished except such as might arise from the reference to the particular tract. The court said that was sufficient since it might be determined with certainty what land the grantor owned which was known as the "James Perry Tract." The authorities of many states from an early date have held that a description of land by the particular name by which it is known in the locality is sufficient. 25 R. C. L. 654, Sec. 285; 27 C. J. 272, Sec. 323; 18 C. J. 181, Sec. 63.

In point with the Morrison case is that of Cunyus v. Hooks Lumber Co., 48 S. W. 1106, where the contract headed "Kountze, Tex." was to sell "one certain tract of land, known as the 'Vanmeter Survey' "; also in harmony therewith is Sorsby v. Thom, 122 S. W. (2d) 275, where the description was "Rock Island Plantation," and Krueger v. W. K. Ewing & Co., 139 S. W. (2d) 836, where the property was described as the "San Gabriel Apartments."

There is no reference in the present case to any particular named tract so as to bring it within the holding in Morrison v. Dailey or similar cases, nor to a headright or other writing by which the land might be identified as in Fulton v. Robinson. Those cases are therefore no authority for recovery herein.

Other cases similar in facts with the instant case, and which we think controlling, are the following: Jones v. Carver, 59 Texas 293; Rosen v. Phelps, 160 S. W. 104, writ refused; Penn v. Texas Yellow Pine Lumber Co., 79 S. W. 842; Osborne v. Moore, 112 Texas 361, 247 S. W. 498.

In Jones v. Carver the contract was to survey "a piece of land supposed to be forty acres." It was not stated out of what grant it was to be taken, or that it was an entire grant, nor was there any mention of the county or state where the land was located. In that case this court held that parol evidence was not admissible to show what land was intended by the parties. On this point it was said: "In other words, it is claimed that although the parties have never made a contract in such a manner as the law can recognize and the courts will enforce, yet that they, through parol evidence, should be permitted to establish such a contract as they ought to have made in writing,

and that the courts ought to enforce it. This a court of equity does not do."

In Rosen v. Phelps the agreement was for the exchange of property. It was headed "The State of Texas, County of Tarrant." One party agreed to convey "a certain three thousand acres in Bosque County, Texas," without designating the owner or giving any data as to its location in the county. The other party agreed to convey certain lots which were described merely by lot and block number, without stating the city, county or state in which they were situated. Prior to the execution of the contract the parties went upon the ground and inspected the lots, which actually were situated in Rosen Heights Addition of North Fort Worth in Tarrant County. They marked and checked them off upon the plat of the addition. The owner of the Bosque County land also delivered to the other party a printed circular particularly describing his 3000 acres. Thus there was no doubt the parties specifically knew the exact lands involved, but the court said that the contract might not be enlarged by such extrinsic evidence and held the same insufficient.

In Penn v. Yellow Pine Lumber Co. the memorandum was for the sale of standing timber which was described as "the 6100 acres under consideration." This was held insufficient, and the court said that "to permit the appellant to show by parol proof what land was under consideration would be, in effect, to abrogate the rule requiring contracts for the sale of land to be in writing."

The Osborne v. Moore case is parellel in essential points with this case and we think it is decisive. The memorandum therein was as follows:

"Mineral Wells, Texas, March 3, 1919. No. _____. The Bank of Mineral Wells 88-241 (Unincorporated) ; Pay to John T. Moore or order, $100.00, one hundred and no/100 dollars. To bind deal on 1 block and 6-room house on North Oak St. Wm. Osborne. Accepted. Hunter & Graves, by M. D. Hunter, Agent."

Hunter was the agent of Moore, the alleged grantor. In answer to a certified question relative to the exclusion of the memorandum, Judge Gallagher, in a well considered opinion adopted by this court, said:

"The check and memorandum thereon under consideration in this case described the property as 'one block and 6-room house

on North Oak street.' It does not further describe the land. Every other element of description is left to inference or to be supplied by parol. When the description of the property to be conveyed is of doubtful sufficiency, ownership is an important element. * * * The owner of the property referred to in said memorandum is not stated. We are left to infer that it belonged to defendant, Moore, because he is payee in the check. Such inference is not a necessary one, and will not be indulged to support a writing otherwise insufficient. * * *

"The memorandum on said check does not show in what town, city, county, or state the house and block referred to therein are situated. We are asked to infer that they are situated at Mineral Wells, Tex., because the check is given on a Mineral Wells bank. We do not think this fact of any probative force.

"The check and memorandum thereon, construed together, do not sufficiently describe the house and block referred to therein to identify the same, nor to afford a sufficient basis for the decree of specific performance sought in this case."

█ The substance of what was said in the Osborne case may with equal force be repeated here. The ownership of the property is left to conjecture, and where the identity of the property is doubtful, ownership becomes an important element. No relief in this respect is afforded by respondent's signature to the instruments. It is not a necessary inference that Mrs. Fisher owned the property simply because she contracted to sell it. Starkey v. Texas Farm Mortgage Co., 45 S. W. (2d) 999, writ refused. The description of the property is otherwise wholly deficient. No city, county or state is mentioned in connection with its location. No lot or block number is given nor is there any indication as to the amount of land. No description by any particular name appears. Moreover, the instruments show that it was intended that a portion of the property was reserved from the sale, but the part which was to be included and that to be reserved is not shown. Although reference is made to "4328-4330 Cedar Springs Road," the location of such road or street rests entirely in parol. In fact, every essential element of the description is left to inference or to be supplied by parol. Such a description is palpably insufficient to support a suit either for specific performance or for damages. The court of civil appeals correctly so held.

The judgment of the court of civil appeals is affirmed.

Opinion adopted by the Supreme Court May 30, 1945.

Rehearing overruled June 27, 1945.