BOB PHILLIPS V. MARVIN BURNS ET AL

No. A-3656. Decided November 5, 1952.
Rehearing overruled December 17, 1952.
(252 S. W., 2d Series, 927.)

*Tom Cope,* of Atlanta, Texas, and *Brown & Brown* and *Wm. V. Brown,* all of Texarkana, Texas, for petitioner.

The alleged contract sued upon being one involving an interest in land and in writing, and the description of the land involved being inadequate for a definite location of the land, the contract is void and unenforcible and in violation of the statute of frauds, and an action for damages based upon a breach of said void contract cannot be enforced. Matney v. Odom, 147 Texas 26, 210 S.W. 2d 980; Smith v. Sorelle, 126 Texas 353, 87 S.W. 2d 703; Greer v. Greer, 144 Texas 528, 191 S.W. 2d 848.

*Ferrell & Ferrell* and *Vincent Ferrell,* all of Linden, for respondents.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This suit is by respondents Marvin Burns and his wife against petitioner Bob Phillips for damages or accounting because of alleged breach by petitioner of the obligations imposed by an instrument in writing executed by both parties, which is both a five year lease of land for farming and an agreement by the parties to become partners in farming operations on the land. After trial before a jury judgment was rendered for respondents against a petitioner for $2,092.21. The Court of Civil Appeals reversed that judgment and remanded the cause on account of error of the trial court in overruling petitioner's ob-

jections to a special issue as to alleged breach of the contract by petitioner. The opinion of the Court of Civil Appeals was endorsed "Not to be published."

The parties hereto, as shown by statements in their briefs, are in agreement that the only question presented here is: "Does the description of the land involved in the contract relied upon by the plaintiff below contravene the statute of frauds, namely, Article 3995, Section 4, of the Revised Civil Statutes of Texas." The Court of Civil Appeals held that the description is sufficient, and writ of error was granted on petitioner's point attacking that ruling. The contract contains the following description of the land:

"One certain farm located about 6 miles south of Linden, Texas, in Cass County, a part of the A. D. Duncan Survey, and known as the old Whipple Place, together with several tracts of land adjoining it; amounting in all to about 500 acres, now owned by the lessor herein."

1 Had the instrument not undertaken to include other tracts of land than the farm known as the old Whipple Place, the description might be deemed sufficient as furnishing within itself the means or data by which the particular land could be identified with reasonable certainty. The party seeking to enforce the contract would have been permitted to show, if he could, by extrinsic evidence that there was a farm about six miles south of Linden which was known as the old Whipple Place and was owned by the lessor. Both the designation of the farm as the old Whipple Place and the statement in the writing that the property was owned by the lessor would have been regarded as matters of description leading or which could lead to the certain identification of the property. Morrison v. Dailey, (Tex. Sup.) 6 S. W. 426; Fulton v. Robinson, 55 Texas 401; Cunyus v. Hooks Lumber Co., 48 S. W. 1106; Dyer v. Winston, 77 S. W. 227; Sorsby v. Thom, 122 S. W. 2d 275; Elliott v. Henck, 223 S. W. 2d 292; Pickett v. Bishop, 148 Texas 207, 223 S. W. 2d 222. And see Wilson v. Fisher, 144 Texas 53, 57-58, 188 S. W. 2d 150.

But the inclusion of the words "together with several tracts of land adjoining it" in our opinion made the description of the land affected by the instrument uncertain and indefinite. How many of the additional tracts are there? What is the acreage of each of them? Where do they adjoin the old Whipple Place? In what survey are they? The instrument does not even recite

that it is intended to include all of the several tracts adjoining the old Whipple Place that the lessor owns. The identity of the additional tracts intended to be included would have to be established by extrinsic evidence and without the aid of data afforded by the instrument. A different question would be presented if the description contained in the instrument could fairly be construed to mean that the farm in the A. D. Duncan Survey, located about six miles south of Linden, and the several adjoining tracts owned by the lessor constituted the farm known as the old Whipple Place. But that construction would do violence to the language used, which seems merely to mean that the description includes the farm known as the old Whipple Place, and in addition to it several other tracts of land that adjoin the farm so known. We cannot, in order to hold the description valid, disregard the "several tracts of land adjoining it." That would be writing a new lease or contract for the parties.

In our opinion the description is insufficient to identify the land. Wilson v. Fisher, 144 Texas 53, 188 S. W. 2d 150; Greer v. Greer, 144 Texas 528, 191 S. W. 2d 848; Hereford v. Tilson, 145 Texas 600, 200 S. W. 2d 985; Matney v. Odom, 147 Texas 26, 210 S. W. 2d 980. The case alleged in respondents' trial petition is for damages because of petitioner's breach of the lease contract, a copy of which is attached to the petition. Petitioner's special exceptions presenting the question of the sufficiency of the description of the land in the contract should have been sustained.

2 Respondents' petition contains the further allegation in very general terms that petitioner is estopped to dispute the validity of the contract because he stood by and permitted them to expend labor and money in improving the premises; and they briefly presented this contention by counter point in the Court of Civil Appeals, but without references to evidence in the statement of facts to sustain it. There was no request for the submission to the jury of an issue or issues as to estoppel, and examination of the statement of facts shows that the evidence offered was directed, for the most part if not wholly, to questions of breach of the contract and damages for the breach rather than to estoppel.

In view of this state of the records and the statements of the parties in their briefs in this Court that but one question is presented here, we do not have for decision the question of estoppel.

618

**3** We approve the holding of the Court of Civil Appeals that objections to Special Issues No. 3 should have been sustained because it asked the jury to find whether petitioner failed to perform the contract instead of submitting the issue or issues raised by the written pleadings and the evidence. Rules 277, 279; Erisman v. Thompson, Trustee, 140 Texas 361, 167 S. W. 2d 731.

**4** Petitioner's suggestion that judgment be rendered here should not be followed. Had the trial court sustained the special exceptions, respondents would have been given the opportunity to amend. We cannot say that they would not be able by amended petition to allege facts that would take the case out of the statute of frauds.

The judgment of the Court of Civil Appeals reversing the judgment of the District Court is affirmed and the cause is remanded to the District Court for new trial consistent with this opinion.

Opinion delivered November 5, 1952.

Rehearing overruled December 17, 1952.