JOHN D. TIDWELL V. L. A. CHESHIER

No. A-4369. Decided February 24, 1954.
Rehearing overruled March 24, 1954.
(265 S.W. 2d Series 568)

*Lynn B. Griffith,* of Waxahachie, for petitioner.

The Court of Civil Appeals erred in holding that the description of the real estate referred to in the written contract was sufficient. Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150; Burrows v. Seale, 148 Texas 411, 225 S.W. 2d 966; Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222.

*Hassell & Hassell* of Dallas, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

The respondent filed this suit against petitioner to recover a commission of 5% alleged to be due under the terms of a written contract signed by John D. Tidwell, as seller; H. E. Redden, as purchaser, and L. A. Cheshier, agent. The petition included a prayer for attorney's fees.

The trial court, without the intervention of a jury, rendered judgment that respondent take nothing by his suit. The Court of Civil Appeals has reversed and rendered judgment in favor of respondent to the extent of allowing him a recovery for the commission sued for; otherwise, the judgment of the trial court was affirmed. 260 S.W. 2d 423.

■ The question for us to determine is that of the sufficiency of the description of the land contained in the contract. Respondent assumes the position that the rules governing the construction of Article 3995, the Statute of Frauds, should not be applied in determining the sufficiency of the description of the land in the

contract required by Article 6573a, Sec. 22, Vernon's Annotated Civil Statutes, and known as the Real Estate Dealers License Act. This contention has been definitely settled against respondent in the case of Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222. The contract describes the land as being "the following described property lying and situated in the County of Ellis, State of Texas, being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey." It is well settled that the description is insufficient to identify the land. Phillips v. Burns, 151 Texas 614, 252 S.W. 2d 927; Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150; Broaddus v. Grout, 152 Texas 398, 258 S.W. 2d 308.

■ The respondent further contends that the contract to convey the land above described resulted in a "wholly executed contract," in that a deed was executed and delivered by the seller to the purchaser; that the land described in the deed was the same land as that described in the contract; that the consideration paid was the sum of $12,500.00, which was also the consideration recited in the contract; that the petitioner received the benefit of the services of respondent and should be held to pay the 5% commission agreed upon in the written contract.

Assuming that the record shows that the land described in the subsequently executed deed is the same as that described in the contract, we hold that this extrinsic evidence is wholly insufficient to aid the description in the contract. The contract fails to "furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, supra; Broaddus v. Grout, supra.

■ Section 22 of Article 6573a, the Real Estate Dealers License Act, was enacted by the Legislature in substantially the same wording as Article 3995, Vernon's Annotated Civil Statutes, the Statute of Frauds. The same test should be applied in determining the sufficiency of a description of land in a contract or other memorandum in writing executed between a real estate dealer and a seller or owner pursuant to the provisions of Arcticle 6573a, Sec. 22, supra, as that required to show a compliance with the Statute of Conveyances and the Statute of Frauds. The test announced in the above cited cases has not been met in the present case.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered February 24, 1954.

Justice Culver dissenting.

Rehearing overruled March 4, 1954.