**W. E. HOBBS, Appellant,**

v.

**H. G. BASS, Appellee.**

**No. 6793.**

Court of Civil Appeals of Texas.

Texarkana.

April 7, 1955.

Rehearing Denied May 19, 1955.

Bird Old, Jr., Mt. Pleasant, for appellant.

Ward & Benson, Mt. Pleasant, for appellee.

HALL, Chief Justice.

Appellee instituted this action against the First National Bank of Mt. Pleasant for the sum of $2,000 left by him with said bank as a deposit in escrow. The bank answered to the effect that Bass and appellant Hobbs entered into a sales agreement concerning the purchase of a 77½ acre tract of land owned by Hobbs and wife, and left with it a sales contract signed by Hobbs, a deed signed by Hobbs and wife conveying the land to Bass and wife, and an abstract of title covering said land, and deposited $2,000 "in escrow account"; that for some reason the parties failed to go through with the sale. The bank tendered the money into the registry of the

court and prayed that it be permitted to make W. E. Hobbs a party, and be discharged with costs since it had no interest in the $2,000 deposit. The court granted the bank's request and W. E. Hobbs was made a party, and the suit thereafter was a contest between Bass and Hobbs over the $2,000 deposit. Hobbs answered in effect that he had complied with all the terms of the sales contract and was entitled to the $2,000 for the reason that appellee Bass refused to go through with the transaction. Bass answered with numerous special exceptions, among which is the following:

"Plaintiff specially excepts to that part of defendant, W. E. Hobbs' answer and claim, paragraph 1 of his alleged agreement, wherein it describes the land as follows:

" '77½ acres, more or less, located on Highway 49, about 5 miles East of Mt. Pleasant, Texas, Titus County.'

And of this description plaintiff says the same is insufficient within itself or by reference to any other writing to identify or locate such land without the aid of parol evidence, in violation of the Statutes of Frauds Art. 3995, Section 4, of the Revised Civil Statutes of Texas, as alleged herein below, and that the same is insufficient in law as a predicate for any cause of action because the same is too vague and indefinite to apprise this plaintiff of what tract of land is intended to be conveyed, who owns the same, where it is located, etc."

Appellant's points 1 and 2 are:

1. "The court committed error in holding that a real estate sales agreement as follows:

" 'To Buckner Real Estate, Agents

" 'Real Estate Sales 104 S. Jefferson Rentals

" 'for Edgar Hobbs, I make the following offer: I will give $15,000.00, payable as follows: Cash, for the following described property

" '77½ acres, more or less, located on Hiway 49 about 5 miles East of Mount Pleasant, Texas, Titus Co.

" 'Seller to furnish warranty deed and abstract of title showing good and clear title, with privilege of having same approved by our attorney.

" '1953 taxes to be paid by Mr. Hobbs.

" 'Barn & building across the road to be moved to So. side road, level building and place them on suitable pillars or foundations.

" 'We hereby deposit Two Thousand Dollars ($2,000.00) as evidence of good faith, same to be forfeited by us as liquidated damages if we fail to carry out our obligations accruing through this offer, if offer is accepted, but same to be returned to us if offer is rejected. If offer is accepted, deposit becomes a part of cash payment, if forfeited deposit is first to be applied on expenses of sale and commission, any balance to be given owners of property sold.

" 'Exchanges and trades, commission computed on the value of each property separately.

" 'Possession to be given of house within 30 days.

" 'Trade to be closed as soon as perfect deed and title can be delivered within a reasonable period.

" 'This 30th day of December, 1953.
Signed: /s/ H. G. Bass

" 'Witness: /s/ D. B. Buckner

" 'The above proposition is accepted upon terms named, this 30th day of December, 1953.

" 'Witness: /s/ D. B. Buckner
Signed: /s/ W. E. Hobbs.'

is insufficient within itself or by reference to identify land in question without the aid of parol evidence, and therefore, fails to meet the requirement of Section 4, of Article 3995, Statute of Fraud."

2. "Hobbs, the seller, and Bass, the purchaser, having executed a real estate sales agreement, and which agreement provided, among other things, that the seller would furnish an abstract and a deed covering the lands which were the subject matter of the contract, the recitals in the deed and the sales agreement are to be construed together and the execution of the deed is not tantamount to a new contract of sale or an offer to sell, and all instruments are binding upon the seller and purchaser alike."

Trial was to the court without a jury and resulted in judgment for appellee for the $2,000 deposit, less certain deductions for costs.

The trial court states in his findings of fact that on December 30, 1953, H. G. Bass and W. E. Hobbs signed the agreement set out in appellant's point 1. The court found further that immediately after signing the contract and the writing of the check, which occurred on December 30, 1953, Hobbs, his attorney and Bass took the contract and check to the First National Bank, in Mt. Pleasant, Texas, and left the contract with an officer of the bank, and Bass' $2,000 was deposited in said bank as "Escrow-H. G. Bass." Later, on the same day, a deed was prepared and signed by Hobbs and his wife and was carried by Hobbs, his attorney and Bass and placed in the bank with the contract of sale. Before the deed was signed, Bass read it and discovered that there was an outstanding royalty interest. Later, on the same day, Hobbs requested the abstractor to supplement his abstract down to date, which was delivered to Bass on January 4, 1954. Later, about January 7, 1954, Bass discovered that there was an oil and gas lease covering the land. He gave Hobbs a reasonable time to secure its release. Hobbs secured the release on January 19, 1954, and tendered the same to Bass who refused to accept title to the land and stated that he would not go through with the transaction. On or about January 11, 1954, before securing the release of the

mineral lease, Bass' attorney rendered a title opinion to Bass on the abstracts, showing certain objections to the title and stated that Hobbs' title was not good and clear. Hobbs was not furnished with a copy of this opinion and knew nothing about it. The lands in question were at all times the homestead of Hobbs and wife. The deed which Hobbs and wife signed on December 30, 1953, contained a correct description of the land and remained in the bank without being recalled or revoked by them until Bass advised Hobbs that he would not accept title to the land. Hobbs and wife were at all times ready and willing to deliver the deed.

The trial court in its conclusions of law stated:

"That the real estate sales agreement is insufficient within itself or by reference to identify the land without the aid of parol evidence and therefore, fails to meet the requirement of Section 4, of Art. 3995, Statute of Frauds.

"That the recitals in the deed are insufficient to meet the Statute of Frauds and that same is tantamount to a new contract of sale, or at most an offer to sell and is not binding on Bass."

■ In our opinion, the controlling question here is whether the sales contract set out above is sufficient within itself or by reference to other instruments to describe the land sought to be covered by it. We think there can be no question that the sales contract standing alone without any reference to the abstracts or deed is insufficient for want of description to make it a binding sales contract and is clearly prohibited by the statute of frauds, or Article 3995.

■ Appellant contends that the sales contract is aided in its description of the land by the following paragraph therein: "Seller to furnish warranty deed and abstract of title showing good and clear title with privilege of having same approved by our attorney." It is appellant's contention that this is sufficient

reference to the deed and to the abstracts, which admittedly correctly described the land, as would make the contract a binding one and not vulnerable to the statute of frauds. In this connection it must be remembered that the contract and the $2,000 "escrow deposit" were made at the same time on the morning of December 30, 1953, and that the deed was later prepared the same day and placed with the deposit and the contract. The abstracts were not delivered to Bass until January 4, 1954. Appellant cites several cases to substantiate his contention that the abstracts and deed may be used to supplement the lack of description in the contract of sale. In our opinion, these decisions are not in point and do not control the factual issue here. It is believed the late case of Tidwell v. Cheshier, 265 S.W.2d 568, 569, by the Supreme Court of this State, is controlling of the situation here.

That case involved a suit between the vendor of land and a broker for his commission of 5% for selling the land, and does not involve a suit between the vendor and the purchaser of the land. The broker contended that:

"* * * the contract to convey the land above described resulted in a 'wholly executed contract', in that a deed was executed and delivered by the seller to the purchaser; that the land described in the deed was the same land as that described in the contract; that the consideration paid was the sum of $12,500, which was also the consideration recited in the contract; that the petitioner received the benefit of the services of respondent and should be held to pay the 5% commission agreed upon in the written contract.'

"Assuming that the record shows that the land described in the *subsequently executed deed* is the same as that described in the contract, we hold that this extrinsic evidence is wholly insufficient to aid the description in the contract. The contract fails to 'furnish within itself, *or by reference to*

*some other existing writing,* the means or data by which the particular land to be conveyed may be identified with reasonable certainty'. Wilson v. Fisher, supra [144 Tex. 53, 188 S.W.2d 150]; Broaddus v. Grout, supra [152 Tex. 398, 258 S.W.2d 308]." (Italics ours.)

In Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, 984, the Supreme Court discusses at great length many cases bearing upon the question here involved. That opinion quotes with approval Jones, Cyclopedia of Real Property Law, Vol. 1, p. 329, as follows:

"'Since the description, or the key thereto, must be found in the language of the contract, the whole purpose of the statute of frauds would be frustrated if parol proof were admissible to supply a description of land which the parties have omitted from their writing. So, while a defect in description may be aided by the description shown on a map, in such case the map must be referred to in the contract, and it is not sufficient to show that the parties consulted a map at the time of their negotiations, since this would be an attempt to refer to the map by parol instead of by a contract recital, a reference which would not meet the requirement of the statute.'"

The reference in the sales contract that "seller would furnish warranty deed and abstract of title showing good and clear title * * *" was to instruments not then in being, but were later furnished to Bass, the buyer; hence, were not "some other existing writing" as required in Tidwell v. Cheshier, supra. These points are overruled.

The conclusions reached above render unnecessary a discussion of the other point brought forward.

The judgment of the trial court is affirmed.

FANNING, J., did not participate in this decision.