J. H. WINGO, Appellant,

v.

J. H. FARLEY, Appellee.

No. 6806.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 17, 1958.

Rehearing Denied Dec. 22, 1958.

Aldridge & Aldridge and Hurshel R. Harding, Farwell, for appellant.

Jack D. Young, Muleshoe, Simpson, Clayton & Fullingim, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a real estate brokerage suit in which appellee, J. H. Farley, a licensed realtor, filed suit against appellant, J. H. Wingo, to recover $2,700 as a 5 per cent commission on a $54,000 sale alleged to be due him by reason of appellee's efforts in procuring a purchaser for certain real estate. Appellee pleaded as follows:

"That prior to the first day of November, A.D., 1954, Defendant orally listed for sale with Plaintiff the below described property:

"The East one-half (½) of the Southwest one-fourth (¼) And all of the SE ¼ of Section 24, Block "Y", W. D. and F. W. Johnson Subdivision

No. 2, Bailey County, Texas, being in all two hundred-forty (240) acres,

at the price and upon the following terms and conditions, to-wit:

"Defendant authorized Plaintiff to sell said land at a price whereby defendant could realize two hundred twenty-five dollars ($225.00) per acre or fifty-four thousand dollars ($54,-000.00) and, where in addition Plaintiff could get his agreed five per cent (5%) commission, or two thousand, seven hundred dollars ($2,700.00), making the total selling price fifty-six thousand, seven hundred dollars ($56,-700.00);
and thereby promised to pay to Plaintiff the sum of Twenty-seven hundred dollars ($2,700.00) upon his procuring a purchaser ready, willing and able to purchase such land for the total sum of fifty-six thousand, seven hundred dollars ($56,700.00).

"That about November 1, 1954, Plaintiff ·procured Lee Keesee as a purchaser for the above described property, and Plaintiff caused a meeting between Lee Keesee and Defendant on said date, at which time Defendant agreed and said agreement is evidenced by an instrument in writing signed by both Lee Keesee and Defendant, J. H. Wingo, To sell the property to Lee Keesee for a total consideration of fifty-six thousand, seven hundred dollars ($56,700.00) to be paid as follows:

"Five thousand dollars ($5,000.00) cash, which purchaser was to deposit with the Muleshoe State Bank of Muleshoe, Texas, said sum to be applied to the total consideration when the transaction was consummated; eleven thousand, four hundred forty-three dollars ($11,443.00) cash on delivery of deed; forty thousand, two hundred fifty-seven dollars ($40,257.00) evidenced by ten (10) notes, each note being for four thousand, twenty-five dollars and seventy cents ($4,025.70),

bearing interest at six per cent (6%), with the first note being due and payable on or before January 1, 1956, and with one (1) note due and payable on or before the first day of January of the succeeding years until all of said notes were paid in full.

"That said contract is of record in Volume 2, Pages 422–423, Contract Miscellaneous Records of Bailey County, Texas, and reference is hereby made to said contract for all purposes for which a reference could serve and as fully as though same were fully copied at length in this pleading, and said contract embodies the terms of the prior listing agreement to a sufficient degree to meet the requirement of Article 6573a, Section 28 of the Revised Civil Statutes of Texas."

The contract here mentioned and introduced in evidence was dated November 1, 1954. The two portions of said contract that we are ·interested in are as follows:

"Parties This contract and agreement made and entered into this the 1st day of November, 1954, by and between J. H. Wingo of Bailey County, Texas, hereinafter called Seller, and Lee Keesee of Lubbock, Texas., hereinafter called Purchaser, as follows:

"1. Seller hereby agrees to sell to purchaser, and purchaser agrees to purchase from seller the following described property;

"Property Section 24, Block 'Y' W. D. & F. W. Johnson's Subdivision No. 2, Bailey County, Texas, together with ½ of all the Oil, Gas, and other minerals, in, on and under said real estate. And non-participating as shown by quitclaim deed from Lilliedoll heirs, except for ½ of ½₁ part.

"Additional Conditions 7. Seller agrees to pay J. H. Farley, Real Estate Agent, of Muleshoe, Texas, a commission of 5% on the sale of said real estate."

The case was submitted to a jury upon special issues. Under the issues the jury found that Lee Keesee was ready, willing and able to buy the Wingo land at the time the contract was entered into on November 1, 1954; that Keesee, after November 1, 1954, abandoned his contract to purchase the land; that Keesee did not represent to Wingo and promise Wingo that Pete Freeman would farm the land and that substantial improvements would be placed thereon, and that proper farm-like steps would be taken to exterminate the bind weeds and Johnson grass, and that he would not place the land on market for resale; that at the time of the drawing of the contract, Wingo told Keesee that he (Wingo) did not know what mineral rights he owned in the land; and that they would work that out later. Upon this verdict of the jury, the trial court rendered judgment that J. H. Farley recover of and from J. H. Wingo the sum of $2,700. From this judgment J. H. Wingo perfected this appeal.

By appellant's first and second points of error, it is sought to have the case reversed because the writing relied upon by appellee is insufficient, and because there was no evidence of a written listing. Appellee pleaded that the listing was oral and covered 240 acres being the East one-half of the Southwest quarter and the Southeast quarter of Section 24. Appellee also pleaded the contract of sale embodied the terms of the prior listing agreement to a sufficient degree to meet the requirements of Article 6573a, Section 28 of the Revised Civil Statutes of Texas. It is to be noticed that Section 28 was not in force when the contract was entered into on November 1, 1954, and did not become effective until June 1, 1955. Appellee's pleadings and the contract relied upon for recovery do not agree. It is not contended even by the pleadings that Lee Keesee was purchasing Section 24 as set out in the contract. Under the undisputed evidence and as set out in the contract, we think it is impossible to determine what mineral interests Keesee was supposed to be buying.

The jury found that Wingo told Keesee at the time of drawing the contract that he did not know what mineral rights he owned. Under appellee's pleadings there is no question about appellant ever agreeing to sell to the appellee the property covered in the contract, and no one even contends that it was intended that appellee was purchasing Section 24 and neither does appellee contend that appellant ever orally or otherwise ever listed Section 24 with appellee for sale. It would be necessary for oral testimony to be introduced to in any way connect the description of the properties set out in the contract to comply with the pleadings herein set out and the contract does not refer to any other instrument as to where it may be found to determine the exact description, and would come within the Statute of Frauds. We are of the opinion that the holding by the Supreme Court in the case of Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568, determines the issues in this case where it is said:

"The question for us to determine is that of the sufficiency of the description of the land contained in the contract. Respondent assumes the position that the rules governing the construction of Article 3995, the Statute of Frauds, should not be applied in determining the sufficiency of the description of the land in the contract required by Article 6573a, § 22, Vernon's Annotated Civil Statutes, and known as the Real Estate Dealers License Act. This contention has been definitely settled against respondent in the case of Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222. The contract describes the land as being 'the following described property lying and situated in the County of Ellis, State of Texas, being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey'. It is well settled that the description is insufficient to identify the land. Phillips

v. Burns [151 Tex. 614], 252 S.W.2d 927; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Broaddus v. Grout [152 Tex. 398], 258 S.W.2d 308.

"The respondent further contends that the contract to convey the land above described resulted in a 'wholly executed contract', in that a deed was executed and delivered by the seller to the purchaser; that the land described in the deed was the same land as that described in the contract; that the consideration paid was the sum of $12,500, which was also the consideration recited in the contract; that the petitioner received the benefit of the services of respondent and should be held to pay the 5% commission agreed upon in the written contract.

"Assuming that the record shows that the land described in the subsequently executed deed is the same as that described in the contract, we hold that this extrinsic evidence is wholly insufficient to aid the description in the contract. The contract fails to 'furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty'. Wilson v. Fisher, supra; Broaddus v. Grout, supra.

"Section 22 of Article 6573a, the Real Estate Dealers License Act, was enacted by the Legislature in substantially the same wording as Article 3995, Vernon's Annotated Civil Statutes, the Statute of Frauds. The same test should be applied in determining the sufficiency of a description of land in a contract or other memorandum in writing executed between a real estate dealer and a seller or owner pursuant to the provisions of Article 6573a, § 22, supra, as that required to show a compliance with the Statute of Conveyances and the Statute of Frauds. The

test announced in the above cited cases has not been met in the present case."

■ But should we be in error in so holding, we are of the further opinion that since appellee did not have a written listing as required under Section 22 of Article 6573a (which was enforced at the time of the signing of the contract) he was not entitled to recover the Commission sought herein. The case of Jackson v. Key, Tex. Civ.App., 223 S.W.2d 717, 718 in which a writ was refused by the Supreme Court, states as follows:

"Under the authorities cited and numerous others, it is our opinion that the failure of appellants to procure from appellee a listing of the land in some form of writing in compliance with the provisions of the Real Estate Dealers' License Act precludes their recovery."

We have not been cited to a case overruling this point and neither have we found one, and think that holding is binding herein.

Judgment of the trial court reversed and rendered that appellee recover nothing.

On Motion for Rehearing

PER CURIAM.

In his motion for rehearing, appellee calls to our attention our oversight of the correct description of the property. We copied the description given in the statement of facts as being Section 24 but the supplemental statement of facts does describe the land as the E½ of the SW¼ and all of the SE¼ of Section 24. The appellant and also the appellee in their respective briefs refer to the property as Section 24. But this mistake as to the correct description would have no effect as to what mineral interest Keesee was supposed to be buying.

■ At the time the original promise or agreement was made, there was no writing of any kind made and entered into.

If appellee was employed to sell the property it was when the oral employment was entered into. The Supreme Court in the case of Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, 516 stated: "The effect of this statute is to require that contracts by which an agent is employed to buy or sell real estate must be in writing; otherwise they are not enforceable."

An executed oral contract does not take the agreement out of Article 6573a nor can the real estate broker recover on the doctrine of quantum meruit. Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228 (writ denied); Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310; Dunn v. Slemons, Tex.Civ.App., 165 S.W. 2d 203.

We are of the opinion and so hold that a reasonable construction of Article 6573a is that a real estate broker cannot recover a commission unless he secures some memorandum in writing, and signed by the owner of the property, of his employment. In other words, the broker should receive some memorandum in writing listing the property for sale with the broker. Appellee's motion for rehearing is in all things overruled.