**E. E. CLOER GENERAL CONTRACTOR, INC., Appellant,**

v.

**B. H. BROWN, Appellee.**

No. 16060.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 15, 1960.

Stone, Agerton, Parker & Snakard, R. F. Snakard and O. P. Newberry, Jr., Fort Worth, for appellant.

Spurlock, Schattman & Jacobs, and Denning Schattman, Fort Worth, for appellee.

RENFRO, Justice.

On December 5, 1956, plaintiff B. H. Brown entered into a written contract with defendant E. E. Cloer General Contractor, Inc., a corporation, whereby plaintiff was to install curbs and gutters in Western Hills Addition, a subdivision being developed by defendant. In March of 1958, plaintiff brought suit against the defendant for a balance allegedly due him under the written contract, and in addition sued for $6,411.10 for what he alleged were "extras" on work performed beyond the terms of the contract and which he was authorized to do by the defendant's agents. In his petition he set out sixteen different streets and listed under each street the amount claimed for extra work done in preparing the proper level for paving and gutter work.

Defendant filed an answer denying that any extra work was done by the plaintiff and that if any was done it was not authorized by any agent of the defendant acting within the scope of his employment.

The jury found that one or more of the streets had not been cut to within 1/10th of a foot of the grade laid out by the City of Fort Worth prior to the time that plaintiff began doing any work on such street or streets; that Bill Fairey and J. D. Karnes had authority for the defendant to authorize plaintiff to do whatever cutting or filling if any was necessary to bring such street or streets within the proper grade, and that Fairey and Karnes did authorize plaintiff to either grade or fill one or more of any such streets. Issue No. 7 read as follows: "Do you find from a preponderance of the evidence that the plaintiff, B. H. Brown, furnished labor or material, to either fill or grade to within 1/10 of a foot of the city's grade, the street, or streets, if

any, which you have found in answer to either special issue No. 3, No. 5 or No. 6, that the said plaintiff was authorized to level to grade?", to which the jury answered, "Yes." (Issues Nos. 3, 5 and 6 inquired if Cloer, Fairey and Karnes authorized plaintiff to do extra work on one or more streets.) Special issue No. 8 was as follows: "What do you find from a preponderance of the evidence was the reasonable value, at the time and place they were furnished, if you have so found, of such labor and/or materials, if any you have found as inquired about in special issue No. 7 above?", to which the jury answered, "$4534.10."

The defendant objected to the charge as submitted and by numerous points of error contends that the charge was in fact a general inquiry, whereas the plaintiff's pleading and evidence clearly required specific and separate inquiries concerning each item of the alleged work, the existence of authority for each such item of the work, and the amount and value of each such item of extra work as the jury might have found was in fact done.

The plaintiff introduced numerous exhibits pertaining to each particular job and testified that each job was authorized by Cloer, Karnes or Fairey. Cloer was president of the defendant corporation, Karnes was superintendent at the time the work began, and Fairey succeeded Karnes as superintendent. Plaintiff testified that each "extra" was authorized by one of the above at the time plaintiff prepared for gutter and curb work on any given street. He made no contention that he had blanket authority from any of the three to do any "extra" work as the occasion arose but was expressly told by one of the above named persons when to do extra work.

The jury found that Cloer did not authorize any extra work.

As submitted, issues 7 and 8 did not confine the jury to extra work on any particular street or streets but were word-

ed in such a way that the jury could "guess" a verdict for plaintiff. Plaintiff contends that the controlling issue was whether plaintiff did the work he claimed in the area, that the items that made up his claim were evidentiary of the amount owed, if he did the work as claimed, and cites Jones v. Scott, Tex.Civ.App., 266 S.W. 2d 534, 539, as authority. In that case it was held: "The issue as submitted by the trial court follows the pleading and merely contains a group of facts constituting the ultimate issue. 'Where, as in this case, the one ultimate issue embraces a number of subsidiary facts, it is not improper to include in the issue there several facts, and a special issue so framed is not duplicitous.'"

■ We agree with the above rule in so far as it pertains to the facts in the case to which the rule was applied. In our opinion, however, the instant case is more nearly in line with the situation in Housing Authority of City of Dallas v. Hubbell, Tex. Civ.App., 325 S.W.2d 880, 888, where, in a suit involving numerous claims, the court held: "This is not a situation in which a global submission of issues is permissible." The court said further: "We think that Issue No. 55 in the form it was submitted was improper in that it did not limit the jury to any particular acts of Owner which constituted interference, but undertook a 'global' submission by including in one issue all of the alleged acts of interference by Owner and its architects." In the instant case the plaintiff alleged and testified to sixteen separate oral agreements as to extra work and materials furnished on sixteen different streets.

Cloer, Karnes and Fairey denied that plaintiff was authorized to perform any extra work or furnish any extra materials, and all denied that he did so furnish any extra work or materials.

In our opinion, issues Nos. 7 and 8 were "global" and under the circumstances of this case were an improper manner of submission.

In addition to Housing Authority of City of Dallas v. Hubbell, we are supported in the above conclusion by Phillips v. Burns, 151 Tex. 614, 252 S.W.2d 927; Rudco Oil & Gas Co. v. Lemasters, Tex.Civ.App., 146 S.W.2d 806; H. M. Cohen Lumber & Building Co. v. Panos, Tex.Civ.App., 154 S.W.2d 206; Schoenberg v. Forrest, Tex. Civ.App., 228 S.W.2d 556; Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99.

Believing that separate issues should have been submitted to the jury to find whether plaintiff was authorized to perform and did perform and, if so, the value of labor and materials expended on each of the separate streets, we reverse the judgment of the trial court and remand the cause for a new trial in accordance herewith.

■ In view of another trial, we forego discussion of defendant's points which contend that as a matter of law the plaintiff failed to establish evidence of authority on the part of Karnes and Fairey to act on behalf of the defendant in authorizing extra work, other than to say that under the evidence we are unwilling to hold that as a matter of law the jury's finding thereon was without support.

We also overrule defendant's points of error based on the admission of numerous items of documentary evidence on behalf of the plaintiff, it being our view that said exhibits were admissible.

The judgment of the court in addition to the judgment for the extras and attorneys' fees awarded plaintiff $1,339 due under the terms of the written contract, having nothing to do with the alleged extras.

Since neither party makes any complaint concerning this part of the judgment, we affirm the judgment of the trial court in so far as it awards $1,339 to the plaintiff; in all other respects the judgment of the trial court is reversed and remanded.

Affirmed in part and reversed and remanded in part.