**LINDALE REALTY, Appellant,**

**v.**

**Mrs. R. R. WEARY, Appellee.**

**No. 4623.**

Court of Civil Appeals of Texas.

Waco.

July 6, 1967.

Rehearing Denied July 27, 1967.

Carey Williams, Houston, for appellant.

Ira P. & Elliot W. Jones, Houston, Murfee, Hoover & Kraft (Karl E. Kraft), Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a summary judgment for defendant, in a suit for a real estate commission.

Plaintiff Lindale Realty sued defendant Weary for damages for breach of an exclusive real estate listing contract. The trial court sustained defendant's motion for summary judgment because the realty was defectively described in the listing agreement.

The listing agreement follows:

"Listing Agreement, Lindale Realty * *

"Houston, Texas 7–1–64

"For and in consideration of your agreement to list and for your efforts to find a purchaser, I, Mrs. R. R. Weary, * * give you * * the exclusive right * * for 6 months * * to sell at a price of

$439,000.00 app 488 acres @ 900 per acre * * *.

(S) Mrs. R. R. Weary, Owner"

The reverse side follows:

"Address Rankin Rd. & E. Hardy * *

"Owner Mrs. R. R. Weary, Ph JA 31298

"Lot size 488.17 acres

"Description open land 161 acres Rice Field—wooded

"Meredith & Co. Oil Co. has lease JA 81941

"Addition Meadow View Farms"

Defendant's affidavits admit execution of the listing agreement; recites defendant "has at no time owned a tract consisting of approximately 488 acres; the only tract which I did own in July 1964 being approximately 295 acres"; admits sale of a 295 acre tract not located at the intersection of Rankin Road and Hardy; states a "portion of said land was under an oil and gas lease, but not all of it"; and that said land "occupies only a portion of the addition known as Meadow View Farms."

Plaintiff's affidavits assert defendant signed the listing agreement; that defendant estimated she owned about 488 acres, and furnished plaintiff with "a whole stack of legal documents from which she said we could work out a description and perhaps the quantity of the land"; that plaintiff and defendant's husband "together tried to figure up the approximate acreage defendant owned and came up with a figure of 488 acres"; that defendant told plaintiff "161 acres was open rice field and pasture, and all or most of the property was under oil and gas lease to Meredith & Co."; that plaintiff noted such facts on the listing card; and defendant signed the card. Plaintiff further, by affidavit, asserted the quantity of land in question was 301.77 acres rather than 295 acres.

The trial court held the description defective, and rendered summary judgment that plaintiff take nothing.

Plaintiff appeals on 3 points, contending the trial court erred in rendering summary judgment because:

1) There was a fact issue as to whether the listing card agreement was the entire written contract, or memorandum between the parties; and

2) The listing card agreement contained sufficient description to raise a fact issue as to whether such description would "lead unerringly to an identifiable tract."

 Plaintiff asserts under its first contention that defendant delivered to it at the time of signing the listing agreement, additional documents, and that these documents may be looked to to aid the description set out in the listing agreement. We reject the contention. The contract cannot be enlarged by documents not specifically referred to by the contract. Rosen v. Phelps, CCA, Er.Ref., 160 S.W. 104; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

Plaintiff's second contention is that the listing agreement itself furnishes such description or reference to such description, as to preclude summary judgment.

 The rule requiring an adequate description under the Real Estate Dealer's License Act, Article 6573a, Sec. 28, Vernon's Ann.Tex.Civ.St., is the same as that governing the construction of the Statute of Frauds, Article 3995, V.A.T.S. Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568. It is that "the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, supra.

 It is true that the listing agreement defendant signed contained several elements of description and reference to an oil lease to Meredith & Co. Oil Company. But the land is described in the agreement as approximately 488 acres, and the record here reflects defendant owned only 301.77 (or 295) acres.

With a discrepancy in quantity of 186 acres (or more than 38%) between the description in the agreement, and the land which defendant owned, the description is fatally defective, and the agreement unenforceable.

The contention is overruled.

The judgment is correct.

Affirmed.