Truman C. RICE et ux., Appellants,

v.

Tom COOK et al., Appellees.

No. 11088.

Court of Civil Appeals of Texas.

Austin.

April 24, 1963.

Rehearing Denied May 15, 1963.

Elwood Gaus, Yoakum, for appellants.

Prentice Wilson, Dallas, Fred Erisman, Longview, for appellees.

PHILLIPS, Justice.

This suit was brought in trespass to try title by Truman C. Rice and wife, appellants in this court, against W. L. Pickens and Tom Cook, appellees.

In 1929, appellants conveyed by mineral deed a certain interest to W. L. Pickens, which instrument was recorded in DeWitt County, Texas. In 1936, W. L. Pickens conveyed a portion of the interest he had received under the deed from appellants to Tom Cook. This deed was also recorded in the deed records of DeWitt County.

Appellants are now trying to set aside the abovementioned conveyances on the theory that the following description of the land used in both of the abovementioned conveyances is legally insufficient under the statute of frauds to properly describe the land and is void as a matter of law. Art. 3995, Vernon's Ann.Civ.St.

"* * * that certain tract or parcel of land situated in the County of DeWitt, State of Texas, and described as follows: A part of the L Dunbar League being the same land leased by T. C. Rice and wife to J. S. Edgar, Jr., and containing seventy-two acres and reference is here made to said lease above mentioned for all purposes."

Appellants made a motion for summary judgment, which motion was overruled and after a trial to the court without a jury, the court granted judgment for the defendants or the appellees here.

Appellants assign error to the court's overruling their motion for summary judgment and in holding that the abovementioned description was sufficient to pass title to the appellees. We hold that the judgment of the trial court is correct.

There is no dispute over the chain of title involved in this lawsuit and the following is a summary of the chain necessary to this decision.

On August 31, 1925, Milton L. Stapp and wife executed a deed to T. C. Rice conveying to him all of grantors' right and title in and to a part of the Luvena Dunbar League of land in DeWitt County, Texas, the same being described by field notes in five separate tracts, tract no. 1 embracing one acre of land, tract no. 2 embracing ⅞th of an acre of land, tract no. 3 embracing ⁷⁄₁₀th of an acre of land, tract no. 4 embracing 1,000 square yards of land, and tract no. 5 embracing 70 acres, more or less, of land

out of said survey. This deed was filed for record with the County Clerk of DeWitt County, Texas, on September 30, 1925, and is now of record in Volume 93, page 353 of the deed records of said county.

On January 4, 1926, Mrs. Dora Lewis et al. executed a deed of conveyance to T. C. Rice et ux. conveying to grantees all of grantors' title in 17.14 acres of land (as surveyed December 3, 1925, by P. R. Otto, surveyor) out of the Luvena Dunbar League of DeWitt County, Texas. This deed was filed for record with the County Clerk on January 30, 1926, and is now of record in Volume 94, page 141 of the deed records of said county and state.

On January 29, 1926, T. C. Rice et ux., Ethel Rice, executed a deed to Mrs. Dora Lewis conveying to grantee 17.14 acres of land out of the Luvena Dunbar League of DeWitt County, Texas. The 17.14 acres was the same as surveyed December 3, 1925, by P. R. Otto, surveyor. This deed was likewise filed for record with the County Clerk of DeWitt County, Texas, on January 30, 1926, and is now of record in Volume 94, page 17 of the Deed Records of DeWitt County, Texas.

The deed from Mrs. Dora Lewis et al. to T. C. Rice et ux. recites a consideration of $350.00, and the deed from T. C. Rice et ux. to Mrs. Dora Lewis likewise recites a consideration of $350.00.

On May 27, 1929, appellants T. C. Rice and wife as lessors executed an oil and gas lease to J. S. Edgar, Jr. as lessee upon and covering 72 acres of land out of the L. Dunbar League of DeWitt County, Texas, which is described as follows:

"1st Tract: About 72 acres a part of the L. Dunbar league and being the same land described in deed from Milton L. Stapp et ux to T. C. Rice by deed of date Aug. 31, 1925 and recorded in Vol. 93, page 353 Deed Records DeWitt Co. Tex.

"2nd Tract: 17–14/100 acres a part of the L. Dunbar League and being the

same land conveyed by Mrs. Dora Lewis et al to T. C. Rice by deed dated Jany 4, 1926, of record in Vol. 94, page 141 Deed Records of DeWitt Co. Tex. Less however the following land:

"17–14/100 acres a part of the L Dunbar league and being the same land conveyed by T. C. Rice et ux to Mrs. Dora Lewis by deed of record in Vol. 94, page 127, Deed Records DeWitt Co. Tex."

The oil and gas lease to J. S. Edgar, Jr. was filed for record with the County Clerk of DeWitt County on June 12, 1929, and is now of record in Volume 2, page 114 of the Oil and Gas Records of DeWitt County, Texas.

The oil and gas lease executed by appellants to Edgar in part provides, "for the purpose of calculating the payments hereinabove provided for, the land is estimated to comprise 72 acres, whether it actually comprises more or less. All land owned by grantor in the above mentioned surveys is included herein, whether properly described above or not."

On June 5, 1929, appellants Rice and wife executed a mineral deed and royalty transfer to appellee Pickens, whereby they conveyed to him an undivided ½ interest in all of the oil, gas and other minerals of every kind and character, in, on and under that certain tract or parcel of land situated in the County of DeWitt, State of Texas, and described as follows:

"A part of the L. Dunbar League being the same land leased by T. C. Rice & wife to J. S. Edgar, Jr. and containing seventy two acres and reference is here made to said lease above mentioned for all purposes."

This mineral deed and royalty transfer in part provided that "this conveyance is made subject to any valid and subsisting oil, gas and other mineral lease or leases on said land." The mineral deed was filed for record with the County Clerk of DeWitt

County on June 12, 1929, and is now of record in Volume 2, page 95 of the Oil and Gas Records of DeWitt County.

On November 27, 1936, appellee Pickens executed and delivered a mineral deed and royalty transfer to appellee Tom Cook, whereby he conveyed to said Cook an undivided ½ interest in and to all of the oil, gas and other minerals of every kind and character, in, on and under those certain tracts or parcels of land situated in the County of DeWitt, State of Texas, and described as follows:

"A part of the L. Dunbar League being the same land leased by T. C. Rice and wife to J. S. Edgar, Jr., and containing seventy-two (72) acres, and reference is here made to said lease above mentioned, for all purposes."

The mineral deed and royalty transfer from Pickens to Cook likewise in part provided that "this conveyance is made subject to any valid and subsisting oil, gas or other mineral lease or leases on said land."

The Pickens-Cook mineral deed and royalty transfer was filed for record with the County Clerk of DeWitt County, Texas, on December 17, 1951, and is now of record in Volume 42, page 300 of the Oil and Gas Records of DeWitt County, Texas.

Appellants' original petition from which the case was tried described the same tracts of land described in the aforesaid oil and gas lease executed by appellants as lessors to J. S. Edgar, Jr. as lessee on May 27, 1929.

There is no dispute over the fact that appellants executed an oil and gas lease to J. S. Edgar, Jr. prior to their admitted execution of the mineral deed to appellee Pickens in 1929. There is no dispute that the oil and gas lease executed by appellants to J. S. Edgar, Jr. covered seventy-two acres of land out of the Luvena Dunbar League of DeWitt County, and being the home place and all of the land owned by the appellants in DeWitt County. There is no dispute in that the description in the deed from Mil-

ton L. Stapp and wife to appellant in 1925 covered the same seventy two acre tract of land leased to Edgar with the exception of the changes resulting from the 17.14 acre land trade with Mrs. Dora Lewis and others.

Under the description in the deed before us, a surveyor could take the instruments set out above, the same instruments referred to in the description, and identify the particular 72 acres of land intended to be described. Consequently, the description in question was legally sufficient to pass title.

Appellant has relied, primarily, on the cases of Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, and Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, for his contention that the description of the land is insufficient. In Smith v. Sorelle the description in question reads as follows:

" '[A] certain tract of land situated, lying and being in the County of Upshur, State of Texas, described as follows: 100 acres out of Blocks eight and nine of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern, Pat. 603, Vol. 2, three miles North of Gladewater, Texas.' * * * 'And said above described lands being now under an oil and gas lease originally executed in favor of W. M. Worley and now being held by W. M. Worley.' "

It will be noted that the mineral lease referred to in the royalty deed above described was to W. M. Worley. The lease offered in evidence at the trial was in the name of H. F. Worley. An affidavit correctly describing the land executed by the grantor was offered in evidence. This affidavit was made by the grantor due to a series of events not pertinent here. In this affidavit the lease from grantors to H. F. Worley referred to a deed from Republic Insurance Company to the grantor. No such document as a lease to W. M. Worley existed. No reference was made in the deed before the court to the H. F. Wor-

ley lease, or to the deed from the Republic Insurance Company to the grantor. The Supreme Court reversed the Court of Civil Appeals and affirmed the trial court which had refused to admit in evidence the lease to H. F. Worley and the deed from the Republic Insurance Company to the grantors of the mineral deed in question. The Supreme Court held that the grantees could not invoke the contents of the above-mentioned affidavit to aid the description in their deeds, because the affidavit did not exist at the time of the execution of their deeds, and could not be considered in connection therewith. The court held that inasmuch as the deed referred to had no data which could be used in aid thereof, the Court had to confine itself exclusively to the description contained in the mineral deed which was insufficient. The court then cited the rule that parol evidence cannot be introduced to vary or contradict the descriptive data of a deed. Here neither the writing itself, nor by reference to some other existing writing, could the data or means by which the particular land to be conveyed be identified with reasonable certainty. Morrison v. Daily, Sup.Ct. of Texas, 6 S.W. 426; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498.

In Wilson v. Fisher, supra, a "brick duplex & garage apt located at 4328–30 Cedar Springs" was held an insufficient description to satisfy the statute of frauds in a suit for specific performance. Here the court said that the instrument did not indicate the owner of the property; the lot and block number and the amount of land is not given, nor is the property designated as any particular named tract or as situated in any city, county or state.

The Supreme Court stated the rules applicable to the case before us in Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380, "The sole purpose of the description of property, as contained in a deed of conveyance, is to identify the subject matter of the grant. * * * Hence, it is a general rule of law that where the description specified a property intended to be conveyed, and the instrument furnishes other sufficient means of determining the particular property covered thereby, the description is legally sufficient. 14 Tex.Jur. 988. In other words, if there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify the particular property to the exclusion of others, the description will be held sufficient. * * * It is a familiar rule that even though the description of the property contained in the conveyance, standing alone, would be insufficient, yet if it refers to another instrument, which contains a proper description of the property, such other instrument may be looked to in aid of the description."

In the description before us we have, "being the same land leased by T. C. Rice and wife to J. S. Edgar, Jr. and containing 72 acres, and reference is here made to said lease above mentioned for all purposes." Appellants' lease to J. S. Edgar, Jr. was a matter of record in DeWitt County at the time of either conveyances in question. The land involved in the lease from appellants to Edgar is described by metes and bounds and further states " * * * the land is estimated to comprise 72 acres, whether it actually comprises more or less. All land owned by the grantor in the above mentioned surveys is included herein, whether properly described above or not."

While the description before us, standing alone, would be insufficient, it refers to another instrument which locates the land and identifies the subject matter of the grant with sufficient certainty.

Affirmed.