**Will G. WADE, Jr., et al., Appellants,**

v.

**Oscar M. BROCKMANN et al., Appellees.**

**No. 11415.**

Court of Civil Appeals of Texas.

Austin.

June 15, 1966.

Rehearing Denied July 6, 1966.

Kinney & Binig, Houston, Coffee, Ritter & Goldston, Donald N. Goldston, Austin, for appellants.

Fisher A. Tyler, Hardy Hollers, Austin, for appellees.

ARCHER, Chief Justice.

Appellants filed this suit against appellees to remove cloud from title, claiming that a deed from their father and mother to the father of appellees was void for want of a sufficient description of the "Second Tract," referred to in the deed.

Appellees answered by a general denial, estoppel by deed, laches, and filed a cross-action in trespass to try title, asserting a good record title, title under the adverse statute, and a title by presumed grant.

Trial was had without the aid of a jury and the court rendered judgment for the appellees.

Findings of fact and conclusions of law were made and filed, in response to the request by appellants, and to which no objections were made and no request for additional findings was made.

The appeal is predicated on thirteen points and are that the court erred in concluding as a matter of law that the deed in issue was legally sufficient to convey the "Second Tract," the land in controversy, in admitting extrinsic evidence to prove the identity of the "Second Tract" and in holding that the evidence was sufficient to support the use of defendants' Exhibit No. 4, the deed from Charles J. Anderson and wife to W. G. Wade and wife Jessie O. Wade, in applying the doctrine of presumed grant, principle of estoppel, laches, title under Articles 5519 and 5519a, Vernon's Ann. Civ.St., because there was no evidence or insufficient evidence to support the conclusion that the terms of Articles 5519, 5519a, and Article 5510 had been met, and finally that the finding of the court that the appellees had claimed or used the land since 1924 is against the great weight and preponderance of the evidence.

The facts are undisputed that by deed dated January 8, 1921, Charles J. Anderson and wife, Emma C. Anderson, conveyed by general warranty deed to W. G. Wade and wife, Jessie O. Wade, two tracts of land both out of the George W. Davis Survey Number Fifteen (No. 15) in Travis County, Texas, designated in said deed as "First Tract" and "Second Tract." The "First Tract" is described as containing twenty-one and seven-tenths (21⁷/₁₀) acres of land and the "Second Tract" as containing "twenty (20) acres of land more or less (timberland)."

The deed from the Andersons to the Wades recited a total consideration of $4500.00, of which sum $1500.00 was paid in cash and the balance of $3,000.00, represented by four vendor lien notes, payable to C. A. Nelson and Tom Nelson at Round Rock, Texas. Note No. 1 became due on or before March 15, 1921, and Notes Nos. 2, 3 and 4 on or before one, two and three years after date; said deed further providing that a vendor's lien was reserved on the property to secure the payment of the notes and further, that when the notes had been paid in full "this deed shall become absolute."

It is also undisputed that W. G. Wade and wife, Jessie O. Wade, by deed dated November 29, 1924, conveyed by general warranty deed to John Brockmann, two (2) tracts of land designated as "First Tract" and "Second Tract" out of the George W. Davis Headright Survey Number Fifteen (No. 15) in Travis County, Texas; and following the description in "First Tract" said deed reading as follows: " * * * and being the same premises conveyed to us by Charles J. Anderson and wife Emma C. Anderson, Jan. 8, 1921." Appellants concede that the deed from the Wades to John Brockmann, dated November 29, 1924, was a valid deed and was sufficient to convey the "First Tract" and do not seek to set aside that portion of the deed, but do seek to set aside and hold for nought the conveyance to the "Second Tract" on the

ground that the description is insufficient to pass title.

Appellants introduced in evidence the original deed from W. G. Wade and wife, Jessie O. Wade, dated November 29, 1924, above referred to, which recited a cash consideration of $4,000.00. The deed from the Wades to Brockmann, dated November 29, 1924, was filed for record on December 1, 1924. The facts further show that all of the principals appearing in the Wade deed are now dead. W. G. Wade died on November 19, 1938. His wife, Jessie O. Wade, died on January 7, 1959. John Brockmann died on December 13, 1943. The facts are further undisputed that although W. G. Wade lived fourteen (14) years after he had executed the deed to Brockmann and his wife, Jessie O. Wade, lived thirty-five (35) years after she executed said deed, that neither at any time during their lifetime ever asserted any claim in any court of law to Tract No. 2 described in their deed dated November 29, 1924. The appellants sue herein as the heirs at law of W. G. Wade and wife, Jessie O. Wade, and suit is brought against O. M. Brockmann and Fritz Brockmann, the heirs at law of John Brockmann.

The question we are concerned with is the sufficiency of the description in the deed to convey the "Second Tract," described in the deed and we believe that it is and affirm the judgment of the trial court.

The deed contains the phrase " * * * and being the same premises conveyed to us by Charles J. Anderson and wife, Emma C. Anderson, Jan. 8, 1921."

The Second Tract is described:

"Twenty acres of land, more or less (Timberland) being a part of the George W. Davis Survey No. 15, in Travis County, Texas, but more particularly described by *meets* and bounds as follows, to-wit:—Beginning at"

Following the description is a penciled notation, "to be inserted after surveying."

There is no indication as to who inserted the notation.

On June 16, 1953 Orin E. Metcalfe made a survey for "the estate of W. G. Wade, et ux and Mrs. John Brockmann." Mr. Wade was then dead but Mrs. Wade was living and did not die until 1959.

Marlton O. Metcalfe, a licensed surveyor and who assisted his father Orin E. Metcalfe in making the 1953 survey, testified that in locating the tract:

"Q By going back to the deed from Anderson to the Wades, dated January 8, 1921, could you make a survey of that second tract?

&ast; &ast; &ast; &ast; &ast; &ast;

A I would back-track all deeds that I could find. If he gave a reference, if the Anderson deed gave another reference, I would keep back-tracking until I found some legal description that would give me the tract of land that this second tract pertained to be, because in these other deeds it did describe—in one of the deeds—I don't recall exactly which one—it did give a description of this second tract that they are talking about, and from that description I would attempt to make my survey."

Appellants objected to the testimony of the surveyor that the field notes set out in Defendants' Exhibit No. 9 were a description of the "Second Tract" mentioned in the deed dated in 1924 from the Wades to Brockmann, and also in permitting the surveyor to identify the "Second Tract" by referring to the deed from Anderson to the Wades dated in 1921.

Appellants as plaintiffs alleged in their Original Petition that they are the owners of the 17.96 acres, also called "* * * Twenty-acre tract of land described as 'Second Tract' in a deed from Charles J. Anderson and wife to W. J. Wade * * *" to which petition is attached a copy of the deed from Wade to Brockmann, and sought to cancel the deed as concerns the "Second Tract."

■ The court did not err in allowing Marlton O. Metcalfe, the last surveyor, to testify as he did.

The court found that it was the intention of the Wades to supplement the description of the "Second Tract" by a survey on the ground, and that such survey was made on June 16, 1953 by Orin E. Metcalfe and definitely located on the ground the "Second Tract," and at the time of the execution of the deed to Brockmann the Wades owned only two tracts of land in Travis County, and intended to convey the two tracts by their deed; that the Wades paid taxes on the two tracts for the years 1922, 1923 and 1924 and after 1924 neither the Wades nor the appellants paid any taxes, or assessed the land for taxes.

■ The surveyor was able by taking the information in the deed from the Wades to Brockmann, and from instruments referred to in the chain of title, to definitely locate the "Second Tract," and the description was legally sufficient. Rice v. Cook, Tex.Civ.App., 367 S.W.2d 386, error ref., n. r. e.; Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617; Waters v. Ellis, 158 Tex. 342, 312 S.W.2d 231.

We construe the deed from Wade and wife to Brockmann and the release from Tom Nelson together, and the facts are undisputed that the Wades purchased the property which they conveyed to Brockmann from Charles J. Anderson and wife. 13 Tex.Jur.2d 274, § 116; Board of Insurance Commissioners v. Great Southern Life Insurance Co., 150 Tex. 258, 239 S.W.2d 803.

■ There was no error to admit extrinsic evidence as an additional means of identifying the "Second Tract."

The court permitted the appellees to introduce into evidence certain instruments in the chain of title to Wade, deed from Anderson to Wade dated January 8, 1921,

the release of certain vendor's lien notes from C. A. Nelson et al dated November 29, 1924.

The deeds in Wade's chain of title were mentioned in the descriptive matter in plaintiffs' petition, and were offered for the only purpose of furnishing means by which the property could be identified.

In Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380 the rule is set out.

Since we have stated that the deed was sufficient to convey the "Second Tract" the issue of the doctrine of presumed grant, and title under Articles 5519, 5519a and 5510, V.A.C.S., make unnecessary a further determination of these issues other than that such are in support of appellees' title. Fowler et al. v. Texas Exploration Co., Tex.Civ.App., 290 S.W. 818, error ref.

 By their deed the Wades warranted the title to the "Second Tract" and are estopped to assert anything in derogation of Brockmann's title. C. D. Shamburger Lumber Co. v. Bredthauer, Tex.Civ.App., 62 S.W.2d 603, error dism.; Duhig v. Peavy-Moore Lumber Co., Inc., 135 Tex. 503, 144 S.W.2d 878, Comm.App., opinion adopted.

We have given careful consideration to the cases and authorities cited by appellants but do not consider them as being authority to support the theory that the deed from the Wades to Brockmann does not contain within itself, or by reference to some existing writing, the means or data by which the "Second Tract" may be identified, but on the contrary, believe the deed to be sufficient to pass the title to the Second Tract.

The cases relied on by appellants are such as: Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568 and cases cited therein.

The finding of the trial court that there is insufficient evidence to show that the "Second Tract" has been claimed or used by any person other than appellees and those under whom they claim since 1924 until this suit was filed is supported by the evidence.

The only use appellants made of the land, at best, was to get wood by driving a distance of 30 miles, except one of the appellants testified that her father sold fire wood from the land at one time. Of the children testifying one was eleven years old, another eight years old, another six years and the youngest was two years old at the time of the sale.

There was a delay of 38 years in the filing of this suit from the date of the deed and after all of the principals in the deed were dead.

The judgment of the trial court is affirmed.

Affirmed.