Ronald W. DISNEY, et al., Appellants

v.

Beverly GOLLAN, Appellee.

No. 05–05–01645–CV.

Court of Appeals of Texas, Dallas.

Sept. 19, 2007.

Richard A. Rohan, Jeffrey S. Levinger, Charles J. Blanchard, Carrington, Coleman, Sloman, & Blumenthal, LLP, Michael J. Collins, Deborah G. Hankinson, Law Offices of Deborah Hankinson, PC, Richard D. Pullman, Collins & Basinger, PC, Scott E. Hayes, Vincent Moye, P.C., Dallas, TX, for Appellant.

Stephen C. Rasch, Thompson & Knight, LLP, Dallas, TX, for Appellee.

Before Justices WRIGHT, RICHTER, and LANG.

## OPINION NUNC PRO TUNC

Opinion by Justice WRIGHT.

Ronald W. Disney, Michael Bingham, Disney Bingham Investments, Inc. ("DBI"), and GAI Lewisville, Inc. ("GAI") appeal from orders of the trial court denying their motions for summary judgment and granting Gollan's motion for partial summary judgment and motions for summary judgment. In six issues, appellants contend the trial judge erred in: (1) finding that the settlement agreement is unenforceable as a matter of law; (2) failing to find that Gollan had released her claims; (3) failing to find that Gollan's conduct in the litigation precluded her from attacking the validity of the settlement agreement; (4) finding that the settlement agreement had to be signed by all shareholders to be enforceable; (5) denying appellants' motions for summary judgment on their counterclaims; and (6) not finding the existence of material facts that preclude summary judgment that the settlement agreement is unenforceable as a matter of law. We sustain appellants' first and fourth issues, reverse the trial court's order granting partial summary judgment for Gollan on her claim that the agreement is unenforceable as a matter of law and reverse the trial court's orders granting Gollan's motions for summary judgment on appellants' counterclaims. We affirm the trial court's order denying appellants' motions for summary judgment. We remand this case to the trial court for proceedings consistent with this opinion.

### Background

In November 1999, Disney and Bingham formed GAI to develop a surgery center in Lewisville. Disney and Bingham were the directors of GAI. GAI, in turn, formed Lewisville Surgical Partners. Initially, Gollan, a nurse and health care executive, owned twenty percent of GAI stock. Gollan had significant responsibilities with respect to the development of the surgery center. The opening of the surgery center fell two years behind schedule. GAI needed additional capital. To meet this need, Disney and Bingham formed DBI to perform additional work and assume additional risks for GAI. The surgery center opened in September 2002. In July 2003, over Gollan's objection, GAI approved an agreement which provided that a management fee of eighty percent of GAI's proceeds generated after December 10, 2002 would be paid to DBI for its past and future services to GAI.

Gollan filed this lawsuit in October 2003 alleging claims of breach of contract, breach of fiduciary duty, fraud, self-dealing, and shareholder oppression. On April 20, 2004, the parties entered into a handwritten agreement ("Agreement") following a lengthy settlement meeting. The Agreement was signed by Gollan's attorney, GAI's attorney, Disney, and Bingham. The Agreement was filed with the trial court on May 11, 2004. The trial judge vacated the trial setting.

The Agreement set forth the following terms:

1. $540,000 by three business days after closing.

2. $40,000 + 20% all GAI income per month until closing of sale.

3. All of the above credited against purchase price of $5,400,000.

4. Full releases.

5. Balance of purchase price paid within three business days of receipt of good funds or six months.

6. Gollan gets balance of funds or 20% stock of GAI after six months.

7. GAI stock of Gollan is worth 20% of all GAI assets. Gollan to receive monthly distributions equal to 20% of gross distribution equal to general partnership

interest less reasonable expenses paid historically before freeze.

On June 24, 2004, Disney and Bingham sent Gollan a check drawn on GAI's account for $647,587.59. This amount included the initial payment of $540,000 along with two of the required monthly payments. Gollan did not cash the check. Instead, she filed a motion to enforce the Agreement on July 7, 2004. In her motion, Gollan informed the trial court that the sale of GAI would not take place within six months as had been anticipated. Without a sale, DBI would not be purchasing her stock for $5,400,000. Gollan detailed in her motion how the monthly payments were to be calculated. She specified that her share was to be calculated prior to payment of the DBI management fee.

Appellants filed a motion for summary judgment asking the trial court to enforce the Agreement. The trial judge entered an order on September 21, 2004 granting appellants' motion in part. The trial judge stated in the order that "all parties agreed in open court, that the Rule 11 Settlement Agreement is a valid and binding agreement settling the underlying claims in this case."

In September and October 2004, Disney and Bingham tendered and Gollan cashed settlement checks totaling $1,022,454.43. GAI sent an additional five monthly distributions to Gollan totaling $37,265.08. Gollan did not cash these checks because the DBI management fee had been deducted prior to distribution.

GAI's interest in the surgery center did not sell within six months as contemplated by the Agreement. GAI did, however, sell its interest for $17.1 million on April 30, 2005. Twenty percent of the sales proceeds, after deduction of expenses and the management fee, is $684,000. It is this amount, according to appellants, that Gol-

lan is entitled to. Gollan, however, contends that the management fee is not a proper deduction. She contends that her rightful share of the proceeds is $3.42 million.

On April 18, 2005, the initial trial judge recused herself following Gollan's retention of new counsel. The case was reassigned to another judge. At this point, Gollan reversed her position as to the enforceability of the Agreement. She asserted, for the first time, that the Agreement was unenforceable and asked the newly assigned judge to set aside the previous judge's orders. The judge granted Gollan's motion to set aside previous orders.

Both sides then filed cross-motions for summary judgment relating to the enforceability of the Agreement. The trial judge signed four orders that: (1) granted Gollan's motion for partial summary judgment to declare the Agreement unenforceable as a matter of law; (2) granted Gollan's motion for summary judgment on Disney, Bingham, and DBI's counterclaim for breach of the Agreement; (3) granted Gollan's motion for summary judgment on GAI's counterclaim for breach of the Agreement; and (4) denied appellants' motions for summary judgment on their counterclaims for breach of the Agreement. The trial court severed the defendants' counterclaim for breach of the Agreement. This appeal timely followed.

### Standard of Review

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary

judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. *Id.; Al's Formal Wear of Houston, Inc. v. Sun*, 869 S.W.2d 442, 444 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

### Gollan's Motion for Summary Judgment

Gollan moved for partial summary judgment to declare the Agreement unenforceable as a matter of law. She asserted the following two grounds in her motion: (1) the Agreement is missing essential terms; and (2) the Agreement does not satisfy the requirements for shareholder agreements under the Texas Business Corporation Act. In their first issue, appellants contend the trial judge erred in granting Gollan's motion for summary judgment and declaring the Agreement unenforceable as a matter of law.

■ The enforceability of a settlement agreement is determined in the same manner as any other written contract. *Anderton v. Schindler*, 154 S.W.3d 928, 932 (Tex.App.-Dallas 2005, no pet.). Whether an agreement is legally enforceable or binding is a question of law. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 814 (Tex.App.-Houston [1st Dist.] 1987,

writ ref'd n.r.e.). In order for a court to enforce a contract, the parties must agree to the essential terms of the contract. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992). The essential terms for a settlement agreement are the amount of compensation and the liability to be released. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460–61 (Tex. 1995) (finding complete agreement where terms included agreement to pay in exchange for settlement); *CherCo Properties, Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex.App.-Fort Worth 1999, no pet.) (holding a settlement agreement that includes the terms of payment, and a statement that the parties would execute mutual releases, contained all material terms).

■ Rule 11 provides that, to be enforceable, an agreement between attorneys or parties regarding a pending case must be in writing, signed and filed with the record, or be made in open court and entered of record. TEX.R. CIV. P. 11. The purpose of this rule is to avoid disputes over the terms of oral settlement agreements. *Padilla*, 907 S.W.2d at 461. *Padilla* stands for the proposition that parol evidence may not be used to *supply* the essential terms of a contract. The supreme court has held that the "details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol." *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945). The supreme court explained that the "parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing." *Id.* In *Padilla*, the supreme court cited *Cohen v. McCutchin*, 565 S.W.2d 230 (Tex. 1978) as support for its holding that all essential elements must be contained within the settlement agreement. *Cohen*, in turn, cites to *Wilson. Padilla, Cohen*, and

*Wilson* all discuss the writing requirement of contracts in the context of the statute of frauds. All three cases hold that the contracts must contain the essential elements of the agreement and that parol evidence may not be used for this purpose. *Wilson* holds that parol evidence may be used to clarify the essential terms appearing in the agreement.

■ Gollan relies on *Padilla* to support her contention that a rule 11 agreement must contain all the essential elements of the agreement so that the contract can be determined without resort to oral testimony. Gollan contends the phrase, "reasonable expenses paid historically before freeze" amounts to an omission of an essential detail. We disagree. The Agreement provides that Gollan is entitled to monthly distributions in the amount of twenty percent of GAI's income, less "reasonable expenses paid historically before the freeze." The essential terms are present in the Agreement. Parol evidence is allowed to clarify those terms. *See Wilson,* 188 S.W.2d at 152. Payment is an essential term. The Agreement sets forth the payment in the amount of twenty percent of GAI's income. Oral evidence is permitted to clarify the term "reasonable expenses paid historically before the freeze." *See Wilson,* 188 S.W.2d at 152.

The parties contend that any parol evidence to explain the term "reasonable expenses paid historically before the freeze" will amount to each side's attorneys explaining what they thought it meant. We disagree. This language in the Agreement does not constitute an ambiguity. It creates a fact issue. Any parol evidence, will center on whether deducting the management fee prior to the distribution is: (1) a reasonable expense; and (2) whether that

expense has been historically paid. In this case, oral testimony is for the purpose of *clarifying* the payment term, *not supplying* the payment term.

We hold the Agreement contains all the essential terms of a settlement agreement. Accordingly, we conclude the trial judge erred in granting Gollan's motion for summary judgment on the ground that the Agreement is unenforceable as a matter of law. We sustain appellants' first issue.

■ In their fourth issue, appellants contend the trial judge erred in finding that the Agreement was unenforceable on the alternative ground that it failed to comply with statutory requirements for shareholder agreements. Gollan contends that section 2.30–1 of the Texas Business Corporation Act requires shareholder agreements regarding distributions to be signed by all shareholders. Tex. Bus. Corp. Act Ann. art. 2.30–1 (Vernon 2003). Gollan contends the Agreement is unenforceable because one minority GAI shareholder did not sign it. We disagree.

The Agreement is a settlement agreement between parties to a lawsuit. It is not a shareholder agreement. Thus, the requirements of section 2.30–1 do not apply to the Agreement. We conclude the trial judge erred in granting Gollan's motion for summary judgment on the ground that the Agreement is unenforceable because it violated the Texas Business Corporation Act. Accordingly, we sustain DBI's fourth issue.[1]

### DBI's Motion for Summary Judgment

■ In their fifth issue, appellants contend that the trial judge erred in denying their motions for summary judgment on

---

1. In light of this Court's disposition of DBI's first and fourth issues, we do not address its

second and third issues.

their counterclaims for breach of contract. They assert that they established all of the elements of their breach of contract counterclaims as a matter of law. We disagree.

■ The law of contracts applies to rule 11 settlement agreements. *Padilla*, 907 S.W.2d at 460. The elements for a breach of a contract claim are: (1) a valid contract; (2) performance or tendered performance; (3) breach of the contract; and (4) damages resulting from the breach. *McGraw v. Brown Realty Co.*, 195 S.W.3d 271, 276 (Tex.App.-Dallas 2006, no pet.).

We have determined that a fact issue exists with regard to whether the management fee is a reasonable expense that may be deducted prior to the distribution of Gollan's share. The fact issue is inextricably tied to performance. In light of this fact issue, we cannot determine as a matter of law whether appellants have performed because the amount due is uncertain. Thus, we cannot render judgment as requested in appellants' motions for summary judgment as to the amount owed to Gollan. We overrule appellants' fifth issue.

## Conclusion

We reverse the trial court's order granting Gollan's motion for summary judgment on the ground that the Agreement is unenforceable as a matter of law. We also reverse the trial court's orders granting Gollan's motion for summary judgment on Disney, Bingham, and DBI's counterclaim and granting Gollan's motion for summary judgment on GAI's counterclaim. We affirm the trial court's order denying appellants' motions for summary judgment on their counterclaims. We remand this case to the trial court for proceedings consistent with this opinion.