# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00322-CV

**Derrick Scott and Tiffany Scott, Appellants**

**v.**

**American Home Mortgage Servicing, Inc., Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 11-637-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Derrick and Tiffany Scott appeal the trial court's final judgment granting appellee American Home Mortgage Servicing, Inc.'s Motion to Enforce Settlement Agreement and dismissing their claims with prejudice. The Scotts had sued appellee for various causes of action with respect to its servicing of their home mortgage. As trial approached, the parties reached a Rule 11 settlement agreement and filed a letter with the court to that effect, indicating that the Scotts would accordingly non-suit their claims with prejudice. When the Scotts non-suited their claims without prejudice, appellee filed the motion at issue in this appeal seeking to dismiss the Scotts' claims with prejudice. The Scotts contend that (1) the trial court did not have jurisdiction to hear appellee's motion, (2) the settlement agreement was unenforceable because it did not contain all of the material terms of the parties' agreement, and (3) appellee was required to file a new suit for breach of contract to enforce the settlement agreement. We will affirm the judgment.

In their first issue, appellants contend that the trial court did not have jurisdiction to hear appellee's Motion to Enforce because it lost jurisdiction once appellants filed their notice of non-suit. *See University of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Schultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (non-suit "extinguishes a case or controversy from 'the moment the motion is filed' or an oral motion is made in open court") (quoting *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990)); *see* Tex. R. Civ. P. 162 (at any time before plaintiff has introduced all of her evidence other than rebuttal evidence, she may dismiss suit or take non-suit, which does not prejudice right of adverse party to be heard on pending claim for affirmative relief or excuse payment of costs taxed by clerk).

Appellee correctly responds that the trial court retained jurisdiction under its plenary power to modify or reform the judgment. *See* Tex. R. Civ. P. 329b(d) (trial court has plenary power to vacate, modify, correct, or reform judgment within thirty days after judgment is signed). This rule applies even after a plaintiff has non-suited her case. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010) (trial court retains jurisdiction to dispose of case after notice of non-suit, including authority to enter dismissal order with prejudice); *Quanto Int'l Co., Inc. v. Lloyd*, 897 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (holding that trial court retained plenary power for thirty days to reinstate cause after notice of non-suit filed); *see also Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (trial court retains plenary power to decide motion for sanctions filed *after* non-suit notice filed).

Because a trial court is not divested of jurisdiction over a cause merely because a plaintiff has filed a notice of non-suit, we overrule appellants' first issue and hold that the trial

court had jurisdiction within its plenary power to hear appellee's motion and change the dismissal of the case from "without prejudice" to "with prejudice." *See Hyundai Motor Co. v. Alvarado*, 974 S.W.2d 1, 3 (Tex. 1998) (reciting that defendant requested trial court to modify its non-suit order to provide that it was with prejudice as to certain claims, and trial court did so).

Appellants next contend that the trial court erred in finding the Rule 11 agreement enforceable because it did not contain all of the material terms of the parties' agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (Rule 11 agreement must be written memorandum complete within itself in every material detail and contain all essential elements of agreement so that contract can be ascertained from writings without resorting to oral testimony). Essential, material terms are "those that parties would reasonably regard as vitally important elements of their bargain." *Potcinske v. McDonald Prop. Invs., Ltd.*, 245 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Neeley v. Bankers Trust Co. of Tex.*, 757 F.2d 621, 628 (5th Cir. 1985)). Specifically, appellants contend that material terms were omitted due to (1) the parties' failure to define the term "relevant parties" in the Rule 11 agreement, in which appellants agreed to "execute a full and final release of all relevant parties"; and (2) appellee's later-proposed confidential settlement agreement and modification agreements, which contained additional terms beyond those included in the original Rule 11 agreement.

A Rule 11 settlement agreement between attorneys or parties is enforceable if it is in writing, signed, and filed with the court, *see* Tex. R. Civ. P. 11, and a trial court has a ministerial duty to enforce the terms of a valid Rule 11 agreement. *See Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007); *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The purpose behind Rule 11 is to avoid disputes over

3

the terms of oral settlement agreements. *Padilla*, 907 S.W.2d at 461. Parol evidence may not be used to supply the essential terms of a contract but, rather, only to clarify essential terms appearing in the written agreement. *Wilson v. Fisher*, 188 S.W.2d 150, 152 (Tex. 1945).

Appellee attached a true and correct copy of the parties' Rule 11 agreement to its Motion to Enforce. The "basic terms" contained therein were: (1) the modification of appellants' loan (including provisions relating to a new interest rate, down payment, and principal balance); (2) appellee's promise to pay appellants a specified sum of cash; (3) recitation of how the address of the mortgaged property will appear in relevant documentation; (4) agreement by each party to pay its respective attorney's fees; and (5) appellants' promise to dismiss the lawsuit "with prejudice" and execute a "full and final release of all relevant parties." The Rule 11 agreement also indicated that it was "subject to a formal settlement agreement containing the specific terms."

Texas courts have held that the essential terms for a settlement agreement are the amount of compensation and the liability to be released. *See Padilla*, 907 S.W.2d at 460-61 (finding complete, enforceable agreement where terms included agreement to pay amount in exchange "for full and final settlement of this case"); *Disney v. Gollan*, 233 S.W.3d 591, 595 (Tex. App.—Dallas 2007, no pet.) (essential terms for settlement agreement are amount of compensation and liability to be released); *CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex. App.—Fort Worth 1999, no pet.) (holding that settlement agreement including terms of payment and statement that parties would execute mutual releases contained all material terms).

Here, the parties' Rule 11 agreement stated the terms of settlement payment and loan modification and that appellees would dismiss their claims with prejudice and release "all relevant parties" in exchange. The obvious purpose of the agreement was to settle a specific lawsuit in which

4

appellants made certain allegations against appellee with respect to its servicing of a particular loan, and the material terms of the parties' Rule 11 agreement purported to meet that purpose. The fact that the term "relevant parties" was undefined in the contract does not equate to the omission of a material term. *See Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011) (when contract leaves term undefined, courts presume that parties intended its plain, generally accepted meaning).

Furthermore, appellee's later attempts to have appellants execute ancillary and formalized settlement agreements (including the confidentiality and loan-modification agreements) that contained terms beyond those enumerated in the Rule 11 agreement does not render the Rule 11 agreement unenforceable for lack of essential and material terms; rather, it simply means that those additional terms were either not essential to the Rule 11 agreement or that the additional, formalized documents exceeded the scope of the Rule 11 agreement, which contention is not before us for review in this appeal. *See Scott v. Ingle Bros. Pac., Inc.*, 489 S.W.2d 554, 555-56 (Tex. 1972) ("Parties may agree upon some of the terms of a contract, and understand them to be an agreement, and yet leave other portions of an agreement to be made later."); *Murphy v. Seabarge, Ltd.*, 868 S.W.2d 929, 933 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (language contemplating additional written documentation does not foreclose enforcement of initial agreement).

Because the Rule 11 agreement here recited the terms of appellee's settlement payments and modification of appellants' loan in exchange for appellants' dismissal of their suit with prejudice and release of relevant parties, we conclude that it contained all "essential terms" to be enforceable. *See Padilla*, 907 S.W.2d at 460-61; *Disney*, 233 S.W.3d at 595. The definition of "relevant parties" was not a material term of the parties' settlement agreement, nor were additional

terms concerning confidentiality or other aspects of the loan modification that were not referenced in the Rule 11 agreement. Accordingly, we overrule appellants' second issue.

In their final issue, appellants argue that if the Rule 11 agreement was enforceable, appellee pursued an "improper procedural course" to enforce it by filing its Motion to Enforce rather than pursuing a separate breach-of-contract cause of action following the "normal rules of pleading and proof." *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam) (orig. proceeding); *Padilla*, 907 S.W.2d at 461 (action to enforce settlement agreement must be based on "proper pleading and proof"). However, when a valid Rule 11 agreement exists, a trial court may, after "proper notice and hearing," enforce the agreement while it retains plenary power even if a party thereto no longer consents to the settlement.[1] *Padilla*, 907 S.W.2d at 461; *Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 819 (Tex. App.—Fort Worth 2001, no pet.) ("Once consent is withdrawn, an action to enforce a settlement agreement must be based on proper pleading and proof."); *see also Mantas*, 925 S.W.2d at 658 (when dispute over settlement agreement arises while underlying action is on appeal, party seeking enforcement must file separate breach-of-contract action, but if settlement dispute arises while trial court has jurisdiction over underlying action, claim to enforce settlement agreement should be asserted under original cause number).

---

[1] The Scotts appear to make the contention that they withdrew their consent to the Rule 11 agreement before it was filed with the court, by virtue of their dismissal of the case without prejudice. However, whether they withdrew consent is irrelevant to a determination of whether and how the trial court may enforce a valid settlement agreement. *See Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.) (drawing distinction between court's rendering of agreed judgment, which it may not do if party has withdrawn consent, and court's enforcement of valid settlement agreement, which court may do even when party has withdrawn consent).

While "proper pleading and proof" is required to enforce a settlement agreement, Texas courts have held that such requirement does not necessitate the filing of a new cause of action or even a counterclaim for breach of contract; rather, the filing of a motion to enforce a settlement agreement before the trial court's plenary jurisdiction has expired is "sufficient to give a party notice of" the breach-of-contract claim or defense, as such a motion constitutes a "pleading." *Neasbitt v. Warren*, 105 S.W.3d 113, 117-18 (Tex. App.—Fort Worth 2003, no pet.) (holding that defendant raised breach-of-contract claim in motion to enforce settlement agreement and satisfied *Padilla* requirement of proper notice and hearing); *Browning v. Holloway*, 620 S.W.2d 611, 615 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.) (same); *see also Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (holding motion to enforce sufficient as pleading to support judgment for breach of contract). Appellants have cited no caselaw requiring the filing of an entire separate cause of action for breach of contract to enforce a settlement agreement when a motion requesting such enforcement is filed while a court retains plenary power. *Cf. Matinee Media Corp. v. Falcon*, No. 04-12-00133-CV, 2012 WL 3104530, at *3 (Tex. App.—San Antonio Aug. 1, 2012, no pet.) (mem. op.) (holding that motion to enforce settlement agreement filed after trial court had dismissed cause with prejudice served dual purpose of (1) extending court's period of plenary jurisdiction and (2) pleading claim for breach of agreement and was proper procedure rather than filing of separate cause of action). Accordingly, we hold that appellee's Motion to Enforce filed after appellants' notice of non-suit but during the trial court's plenary jurisdiction satisfied the "proper pleading and proof" requirement of *Padilla*. Accordingly, we overrule appellants' third issue.

7

For the foregoing reasons, we affirm the trial court's judgment dismissing appellants' claims with prejudice.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   December 8, 2015