In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00061-CV

ARMANDO VELARDEZ, Appellant

V.

CARLOS E. PARRA JR., Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 21-03-04078-CV

**MEMORANDUM OPINION**

Armando Velardez appeals the trial court's Order Dismissing Case for want of jurisdiction. Velardez sued Parra for breach of and to enforce a mediated settlement agreement from a prior lawsuit between the parties, together with an associated maintenance agreement. Parra answered and filed a Motion to Dismiss Based Upon Res Judicata. After a hearing, the trial court found that all issues regarding a 2018 breach of contract lawsuit between the same parties were resolved

by final judgment after a bench trial in the prior lawsuit and the court dismissed the second lawsuit for want of jurisdiction. On appeal, Velardez argues the trial court erred by dismissing the subsequent underlying lawsuit because Parra breached the terms of a Mediated Settlement Agreement (MSA) and an associated Two Year Initial Maintenance Contract entered between the parties during the pendency of the first lawsuit and his claims for breach of the terms of the MSA, including the separate warranty agreement, were not litigated in the first lawsuit. The trial court entered an Order Dismissing Case for want of jurisdiction. After review of the record, we hold the trial court has subject matter jurisdiction over the underlying lawsuit and therefore, we reverse the trial court's order and reinstate the second lawsuit.

## Background

In August 2017, Velardez hired Parra by written contract to install a septic system at his property in Montgomery County. According to Velardez, a permit was issued by the Montgomery County Health Department, but Parra did not properly install the septic system and sewage leaked under Velardez's home. Velardez sent Parra notice via certified mail, but Parra did not correct the problems. Subsequently, Velardez was issued a citation by the Montgomery County Health Department for the faulty septic system.

## First Lawsuit

In November 2018, Velardez sued Parra under cause number 18-11-15230, which case was assigned to the 284th District Court. In that suit, Velardez alleged a claim for breach of contract, requested economic and actual damages, multiple damages under the Texas Business and Commerce Code, exemplary damages, and sought declaratory relief, and attorney's fees. In response, Parra filed a general denial, asserted affirmative defenses, and counterclaimed for the remaining balance he alleged was owed to him under the initial contract Velardez signed to install the septic system.

While the first lawsuit was pending, the parties entered into a mediated settlement agreement, termed a "Binding Settlement Agreement." The MSA provided in part that Parra would remove and replace the septic system in Velardez's property within 120 days. The MSA also stated that "[t]his is the proposal [and] is preliminary agreement with the reservation of the right to come back to the mediator to resolve any remaining issues." As part of the MSA, Parra signed a written agreement to provide maintenance of the septic system for two years. The parties agreed to continue the first case for 120 days for Parra to comply with the terms of the MSA. This agreement was signed by all parties.

In August 2020, Parra filed a Motion to Dismiss Plaintiff's Claims with Prejudice Based Upon Mediated Settlement Agreement. In his motion, Parra argued

3

that he had complied with the terms of the MSA, and Velardez failed to pay him the remaining balance due under the MSA. He asked the court to dismiss Velardez's suit and grant him judgment in the amount of the remaining balance. The trial court did not rule on Parra's motion but instead, on August 18, 2020, the trial court entered a final judgment after a bench trial ordering that Velardez take nothing on his claims and Para recover $3750 from Velardez for actual damages, including attorney's fees and court costs. The judgment further provided "All other relief not expressly granted herein is denied." Neither party appealed from the Final Judgment. In this appeal, Velardez did not include a reporter's record from the trial that ended with a final judgment favoring Para in cause number 18-11-15230.

## Second Lawsuit

In March 2021, Velardez filed an Original Petition to Enforce Settlement Agreement, which the district clerk assigned cause number 21-03-04078. In his petition, Velardez stated

> Carlos E. Parra Jr., was to begin the two (2) year maintenance of the septic system beginning on the day the system passes inspection by Montgomery County Health Department. The project was not completed within one hundred and twenty days but was approved by the Montgomery County Health Department on September 23, 2020, starting the two-year maintenance agreement. (See Exhibit "B") Defendant, however, has refused to abide by the terms of the contract by failing to perform the inspections, testing, and responding to the owners complaints and requests within 2-days as stated in the Agreement. The new system has totally failed and Defendant has totally refused to perform warranty work.

4

Velardez alleged breach of contract against Parra and requested specific performance, contending the MSA signed by the parties was a "binding and enforceable contract between [Velardez] and [Parra]…[d]espite [Velardez's] repeated requests for performance, [Parra] has refused and continues to refuse to perform. [Parra's] conduct constitutes a material breach of the agreement. [Velardez] has contacted [Parra] on at least seven different occasions and [Parra] has failed to acknowledge the request made by [Velardez]." Parra answered and asserted various affirmative defenses, including res judicata. Parra filed a Motion to Dismiss Based Upon Res Judicata, attaching several pleadings and trial exhibits from the previous lawsuit and trial, arguing the case was barred by res judicata and should be dismissed.

On December 10, 2021, the trial court signed an order dismissing the case finding

> Although the cause of action for breach of the MSA was not alleged in the Closed Case, at trial the evidence related to a claim that Mr. Parra breached his contract to install a septic system because the septic systems did not work. The evidence in the trial of the Closed Case made no distinction between the Johnson System or the Hubert System. In fact, the evidence at trial included much post-MSA activity. With the Court having found that Mr. Parra's contractual obligation was limited to installing the septic system per someone else's design, and having found that Mr. Parra properly installed [what] he was hired to install, the issues in the pending case have already been resolved and are, therefore, moot. Consequently, this Court lacks jurisdiction over this moot case[.]

It is ORDERED that this case is DISMISSED FOR WANT OF JURISDICTION.

The trial court subsequently denied Velardez's motion for new trial but, upon Velardez's request, entered Findings of Facts and Conclusions of Law. The trial court did not make additional Findings of Facts or Conclusions of Law as requested by Velardez. Velardez then filed this appeal.

**Standard of Review**

The question of whether a court has subject-matter jurisdiction is a question of law, and a trial court's order dismissing a cause for want of jurisdiction is reviewed de novo. *See Graber v. Fuqua*, 279 S.W.3d 608, 631 (Tex. 2009) (Wainwright, J., dissenting); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought. *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When reviewing a trial court's order dismissing a case for want of jurisdiction, we construe the pleadings in favor of the plaintiff and look at the pleader's intent. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (citations omitted); *see also Athans v. Athans*, No. 09-20-00047-CV, 2022 WL 120009, at *2 (Tex. App.—Beaumont Jan. 13, 2022), opinion withdrawn and superseded on overruling of reh'g, No. 09-20-00047-CV, 2022 WL 1295429 (Tex. App.—Beaumont Apr. 29, 2022, no pet.).

6

## Analysis

Our trial courts are courts of general jurisdiction and presumably have subject matter jurisdiction unless a contrary showing is made. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). In his first three issues, Velardez argues that (1) the trial court has jurisdiction to enforce the MSA, (2) abused its discretion by determining the issue of the enforceability of Parra's warranty under the MSA had already been tried, and (3) in dismissing Velardez's claims without hearing any evidence.

Velardez filed the suit at issue in this appeal ("the second suit") on March 24, 2021. Velardez entitled his petition as Original Petition to Enforce Settlement Agreement. Parra filed his initial answer on June 14, 2021. While the Docket Control Order was not made a part of the record before us, the trial court appears to have set the case for trial on November 15, 2021. Parra filed a Motion for Continuance, and the trial court scheduled a hearing via Zoom on November 8, 2021. At the hearing, the trial court questioned its jurisdiction to hear the case, questioning whether res judicata or collateral estoppel barred the second suit. The court reset the hearing to December 3, 2021 and requested briefing from the parties on the subject of jurisdiction. On December 2, 2021, Velardez filed what he entitled Plaintiff's Memorandum of Law of Jurisdiction. On December 3, 2021, Parra filed what he denominated "Motion to Dismiss Based Upon Res Judicata," attaching several

pleadings and trial exhibits from the previous lawsuit and trial as evidence to support his motion and requesting the trial court dismiss the lawsuit on the grounds of res judicata. Without further hearing, the trial court entered the Order Dismissing Case on December 10, 2021.

In his first three issues, Velardez asserts the trial court has jurisdiction of the second suit to enforce the MSA and maintenance agreement and the trial court erred when it ruled it did not have jurisdiction and by summarily dismissing the lawsuit on Parra's motion to dismiss. This court abated the appeal and remanded the lawsuit to the trial court to determine whether the trial court took judicial notice of any of the record from the first lawsuit. While the trial court answered us in the negative, the trial court clarified that it considered the pleadings and exhibits from the first lawsuit attached to the motion to dismiss, as well as the trial court's Findings of Fact and Conclusions of Law the trial court entered in the first suit.[1] Except for the documents the trial court mentions in its findings, we note the trial court did not conduct an evidentiary hearing in the second suit before ordering the case dismissed for want of jurisdiction.

---

[1] While the trial court prepared and filed separate Findings of Fact and Conclusions of Law in the underlying lawsuit (second suit), it summarily dismissed the suit for want of jurisdiction. Pursuant to Tex. R. Civ. P. 296, findings of fact and conclusions of law are only proper in a case after it has been tried without a jury. Therefore, any findings of fact or conclusions of law entered before a trial are improper and cannot be considered by this court.

8

In the trial court's Findings of Facts and Conclusions of Law from the first lawsuit, the trial court found, in part, the following:

Findings of Fact:

7. After the above captioned cause was filed, the parties went to mediation and settled the case via a mediated settlement agreement (the "MSA"). The gist of the MSA was that Mr. Parra would obtain plans for an engineered septic system for Mr. Velardez's property and would install that system.

. . .

12. While it appears that the septic system on the property does not work, Mr. Parra never guaranteed that it would.

Conclusions of Law:

5. No one pleaded anything with regard to seeking relief on the MSA. Consequently, whether the MSA was complied with or breached was not before the Court for a ruling.

In the second suit, Velardez alleged, in part:

[] On November 20, 2019, in order to avoid the expense and uncertainties of further litigation, [Velardez] and [Parra] mediated, the parties agreed to recess the mediation. The parties later agreed to reset the mediation for July 03, 2020. The parties settled and compromised all claims which had been or could have been brought between them. To memorialize the settlement, [Velardez[ and [Parra] entered into a binding contract, the Binding Settlement Agreement (hereinafter "Agreement").

. . .

Carlos E. Parra Jr., was to begin the two (2) year maintenance of the septic system beginning on the day the system passes inspection by Montgomery County Health Department. The project was not completed within one hundred and twenty days but was approved by

9

the Montgomery County Health Department on September 23, 2020, starting the two-year maintenance agreement. (See Exhibit "B") [Parra], however, has refused to abide by the terms of the contract by failing to perform the inspections, testing, and responding to the owners complaints and requests within 2-days as stated in the Agreement. The new system has totally failed and [Parra] has totally refused to perform warranty work.

Velardez seeks specific performance of the terms of the MSA and maintenance agreement and, in the alternative, damages and attorney's fees.

A mediated settlement agreement is enforceable under contract law, and the same procedures used to enforce and enter judgment on other contracts should apply to mediated settlement agreements. *See Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851 (Tex. App.—Fort Worth 2009, no pet.). When the legislature enacted the alternative dispute resolution statute, it did not order the courts to follow a special procedure applicable only to mediated settlement agreements. It said only that a mediated settlement agreement is enforceable as any other contract. *Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied). Texas courts have held generally that the essential terms for a settlement agreement are the amount of compensation and the liability to be released. See *Padilla v. LaFrance*, 907 S.W.2d 454, 455 (Tex. 1995) (concluding that complete and enforceable agreement existed where terms included agreement to pay amount in exchange "for full and final settlement of this case"); *Disney v. Gollan*, 233 S.W.3d 591, 595 (Tex. App.—Dallas 2007, no pet.) (concluding that settlement agreement's

essential terms are amount of compensation and liability to be released*); CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex. App.—Fort Worth 1999, no pet.) (holding that settlement agreement that included payment terms and statement that parties would execute mutual releases contained all material terms). While the MSA in the first suit may not meet the terms of a settlement agreement under alternate dispute resolution provisions in that it did not provide for payment of an amount in exchange for a full and final settlement of the lawsuit, the agreement must be analyzed for the elements of an enforceable contract.

A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 (Tex. 2018). The only methods existing under the rules of civil procedure to enforce a contract and obtain a judgment are: (1) summary judgment proceedings, if no fact issue exists; and (2) trial, jury or non-jury, if a fact issue exists. *See* Tex. R. Civ. P. 166a, 262-270, 295. A trial court may enter a judgment on a mediated settlement agreement where one of the parties contests his intent to be bound only by following one of these vehicles set out in the rules of civil procedure. *Martin*, 909 S.W.2d at 196.  See also *In re BBX Operating, LLC*, No. 09-17-00079-CV, 2017

WL 1437135, at *1 (Tex. App.—Beaumont Apr. 20, 2017, orig. proceeding) (mem. op.) (trial court abused its discretion by enforcing a settlement agreement involuntarily without a bench trial or jury trial or by summary judgment); *Lewoczko v. Crews*, No. 09-18-00432-CV, 2020 WL 6494207, at *4 (Tex. App.—Beaumont Nov. 5, 2020, no pet.) (mem. op.). Like any other breach of contract claim, a claim for breach of a settlement agreement is subject to the established procedures of pleading and proof. A party against whom a claim for breach of contract has been asserted is entitled to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit factual disputes to a fact finder. *Levetz v. Sutton*, 404 SW.3d 798, 805-06 (Tex. App.—Dallas 2013, pet. denied).

Parra's motion to dismiss based on res judicata in the underlying lawsuit made the basis of this appeal asserts an affirmative defense, i.e., a matter constituting an avoidance or bar to the plaintiff's petition. Tex. R. Civ. Proc. 94. Affirmative defenses are "pleas in bar," and do not provide a justification for summary dismissal on the pleadings. *Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214-15 (Tex. 1958); *Union Pac. Fuels, Inc. v. Johnson*, 909 S.W.2d 130, 134 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Montgomery Cty. v. Fuqua*, 22 S.W.3d 662, 668-69 (Tex. App.—Beaumont 2000, pet. denied). As defenses "in bar" they are not the proper subject matter of disposition on a preliminary hearing before the court, such as pleas

in abatement, for example. *See Haesly v. Whitten*, 580 S.W.2d 104, 106 (Tex. Civ. App.—Waco 1979, no writ).

## Mootness

In its order dismissing the case, the trial court found that it did not have jurisdiction to hear Velardez's motion because "[w]ith the Court having found that Mr. Parra's contractual obligation was limited to installing the septic system per someone else's design and having found that Mr. Parra properly installed what he was hired to install, the issues in the pending case have already been resolved and are, therefore, moot. Consequently, this Court lacks jurisdiction over this moot case[.]" But, according to the trial court's Findings of Facts and Conclusions of Law filed in the first suit, under Conclusions of Law, the trial court stated:

> 5. No one pleaded anything with regard to seeking relief on the MSA. Consequently, whether the MSA was complied with or breached was not before the Court for a ruling.

Since the pleadings in the first suit did not involve a claim under the MSA, the Final Judgment in the first lawsuit is not a final judgment that adjudicated the claims Velardez raised in his second suit regarding Parra's alleged breach of the MSA. For that reason, the second suit Velardez filed to enforce the terms of the MSA properly invoked the trial court's jurisdiction.

Here, Velardez sought to enforce the MSA, arguing that Parra breached the contract and sought specific performance. The trial court did not conduct a trial

13

regarding the allegations, but summarily dismissed Velardez's petition as moot. And, while Parra may seek to prove this claim could be moot, as we express no opinion on the merits of that issue, the trial court erred by disposing of Velardez's allegation that Parra failed to service the septic system for two years as he promised in the MSA in a summary fashion by dismissing the claim without following "established procedures of pleading and proof[]" that include discovery and a hearing required to resolve disputed issues of fact. *See Levetz*, 404 S.W.3d at 805-06. Because the trial court improperly dismissed the underlying lawsuit without due process, we sustain Velardez's first, second, and third issues on appeal.[2]

## Conclusion

Having found that the trial court dismissed the underlying lawsuit for want of jurisdiction in error, we sustain Velardez's first, second, and third issues on appeal and we reverse and remand the trial court's judgment and remand the cause to the trial court for further proceedings consistent with the opinion.

---

[2] As we have reversed the judgment in this case, we need not address Velardez's final issue as it would give him no greater relief on appeal. *See* Tex. R. App. P. 47.1.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on November 22, 2022
Opinion Delivered December 22, 2022

Before Kreger, Horton and Johnson, JJ.